## Murphy *against* Richards.

On a demurrer, the court will consider the whole record and give judgment for the party, who, on the whole, appears entitled to it.

The discharge of an insolvent is a matter of record, and when pleaded in an action on an insolvent bond, should conclude with a *prout patet per recordum*.

THIS was a writ of error to the District Court for the city and county of *Philadelphia*. It was an action of debt brought by Benjamin W. Richards and Joseph Bispham against William N. Murphy and Gebhard Harris, on an insolvent bond dated the 10th of May 1839, the condition of which was, that Murphy should appear at the next term of the Common Pleas of Philadelphia county, and then and there present his petition for the benefit of the insolvent laws, &c.

The defendants pleaded that Murphy did appear at the Court of Common Pleas of Philadelphia county at the time mentioned in the bond set forth, and then and there present his petition, &c., and was duly discharged; and concluded with a verification.

The plaintiffs replied that there was no record of the appearance of the defendant Murphy before the said court at the time mentioned in the condition of the bond, and of his presentation of his petition, &c., and of the hearing thereof, and his discharge then and there under the insolvent law, remaining in the said court, in manner and form as the defendants alleged in their plea; and also concluded with a verification.

The defendants demurred to the replication, that it should have concluded to the country and not with a verification. The plaintiffs joined in demurrer. The court gave judgment for the plaintiffs on the demurrer, which the defendants now assigned for error.

[Murphy v. Richards.]

*Hirst,* for the plaintiffs in error, cited 1 *Troub. & Haly,* 295, 296; 6 *Bingh.* 686; 5. *Binn.* 247; 1 *Dall.* 380; 1 *Binn.* 263; 1 *Peters'* C. C. R. 64; 3 *Esp. R.* 264; 2 *Man. & Ryl.* 132; 1 *Chit. Pr.* 226, 228.

*Gerhard,* contra, referred to 3 *Chit. Pr.* 446. 982.

The opinion of the Court was delivered by

Rogers, J.— It is a rule in pleading, that on a demurrer the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled to it. 1 *Troub. & Haly* 296; 1 *Saund.* 337 *b.* 3, 285, *n.* 5. Thus on a demurrer to the replication, if the court think the replication bad, but perceive a substantial fault in the plea, they will give judgment, not for the defendant but the plaintiff, provided the declaration be good. 2 *Wilson* 150. And this leads to examination of the defendants' plea, which the plaintiffs allege is substantially bad in this, it should have concluded with a *prout patet per recordum,* and an offer to verify it by the record. If a matter of record be pleaded as a judgment recovered for the same demand, &c., the plea should conclude with a *prout patet per recordum.* And this is the proper conclusion to the plea of *comperuit ad diem,* which is very like this case. 2 *Chitty P.* 479, 422. This was an action on an insolvent bond against the insolvent and his surety, in which the breach assigned is, that he did not appear according to the condition of the bond, &c., and present his petition; nor did he, in default thereof, and on failing to obtain his discharge as an insolvent debtor, surrender himself to the jail of the county. The defendants plead that the insolvent did present his petition, and was discharged by the court, under the insolvent laws, with notice to the plaintiffs, and conclude with a verification. Now, whether the plea be bad, depends upon the question, whether the discharge of an insolvent be matter of record or *in pais;* and that it is the former, is very clear; for the discharge of an insolvent is the judgment of a court of record, and consequently is only proveable by the record itself. And this, we think, is conclusive against the plea, which is substantially bad, and therefore on the rule stated entitles the plaintiff to judgment. The cases cited of pleas of discharge under the insolvent and bankrupt law, are not to the purpose. These are suits against the bankrupt himself to recover a debt owing by the bankrupt, whereas this is a suit on a bond for the performance of a collateral condition, and the matter in issue only is, whether he has performed the condition, and as to the manner in which the performance must be proved; that is, whether the discharge must appear on the record, or whether it may be proved by parol.

Judgment affirmed.