84    65
149   248

84         65
28 SC ²300

84    65
30 SC ²327

84         65
216    ² 77

## Commonwealth *versus* Trimmer *et al.*

1. In an indictment for forging the election returns of one township the defendant cannot avail himself of a plea of *autrefois acquit* and set forth the record of an acquittal on an indictment charging a similar offence in regard to the returns of an election held in another township.

2. If the record of the former trial shows that the evidence necessary to support a conviction on the indictment on trial would have been insufficient to procure a legal conviction on the former, the plea of *autrefois acquit* can-not be sustained.

3. As a general rule a demurrer admits the facts pleaded and refers the question of their legal sufficiency to the court, but to give it this effect the facts must be well pleaded.

March 6th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

3 NORRIS—5

[Commonwealth *v.* Trimmer.]

Certiorari to the Quarter Sessions of *Luzerne county :* Of January Term 1877, No. 162.

Indictment of Samuel W. Trimmer, M. E. Gaughan and James Welch, under the 171st section of the Penal Code, Pamph. L. 1860, 169, Purd. Dig. 365, pl. 255, which provides :—

"If any person shall forge, deface, embezzle, alter, corrupt, withdraw, falsify or unlawfully avoid any records, * * * or shall forge, deface or falsify * * * any certificates ; or shall forge or deface * * * any document * * * or any proceeding whatever, of or belonging to any public office within this Commonwealth ; or if any person shall cause or procure any of the offences aforesaid to be committed, or be in anywise concerned therein, he shall be guilty of a misdemeanor, and on conviction be sentenced to pay a fine not exceeding $2000, and to undergo an imprisonment, by separate and solitary confinement, at labor, not exceeding seven years, and if a public officer, he shall be removed from such office, and the same be declared vacant by the court passing sentence upon him."

When the official count was made of the vote of Luzerne county, at the November election in 1875, it was discovered that the returns from Old Forge, Blakely, Spring Brook and Union townships, and the third district of the Twelfth ward of Scranton, had been altered and forged, and Trimmer, the prothonotary of the county, Gaughan, his clerk, and Welch, were jointly indicted therefor, the indictment containing one count, including all the districts above named.

At the trial, the defendants compelled the Commonwealth to select for which of the several offences charged she would proceed, claiming that the alteration of the returns in each election district was a separate offence.    The court, Harding, P. J., so held, and the trial proceeded for altering and forging the returns from Blakely township.    The jury failed to agree and were discharged.    The next grand jury found true bills for each district, and the jury was again sworn in the Blakely case.    Welch was allowed a separate trial, and the Commonwealth, after examining one or two witnesses, declined to further proceed in the trial, and the court, Handley, J., directed the jury to find a verdict of " Not guilty" as to Trimmer and Gaughan, which was done.

At the next term of the Quarter Sessions, when the defendants were called to plead to the four remaining indictments, for altering and forging the returns from Old Forge, Spring Brook, Union township and the third district of the Twelfth ward of Scranton, they put in the plea of *autrefois acquit*, and setting forth a copy of the Blakely indictment and the acquittal thereupon, asked for their discharge.    To this plea the Commonwealth demurred, on the ground that the offence of which the defendants had been acquitted and that for which they were to be tried were separate and distinct offences, viz., the forgery of returns from different districts.

The court, Handley, J., in an opinion, *inter alia,* said :—

[Commonwealth v. Trimmer.]

"The Commonwealth, by demurring to the plea, admitted the truth of the allegation of the defendants that the offence now charged was the same, of which they had been already acquitted. If the counsel for the Commonwealth intended to deny their identity, they should have joined issue on the plea and submitted that fact to the determination of a jury: 2 Hale's P. C. 245 ; 1 Stark. Crim. Pl., 2d ed., 325–6. We must, therefore, hold in this case, that the record of the elections of the several townships, for any one general election in and for the county of Luzerne, constitutes and is but one indivisible record, or certificate, as indistinct as water is in water. Hence the forging of any one or more of the papers connected with such record or certificate of an election is a forgery of the whole, and is but one offence in the eyes of the law.

"The demurrer of the Commonwealth is overruled, the plea *autrefois acquit* is sustained, and the defendants S. W. Trimmer and M. E. Gaughan are ordered to go without day."

The Commonwealth removed the case here, by certiorari.

*Edward H. Chase, Henry W. Palmer* and *Charles E. Rice*, for Commonwealth.— Will an acquittal upon an indictment for forgery of the election returns for " Blakely" bar a prosecution of the same offence for forging the returns from " Old Forge ?" No doubt has been suggested that the returns are records and the subject of forgery. These returns are as unlike as papers can be ; no two are made by the same man or at the same time or place, and have no connection, relation or dependence on each other, and it is manifest, therefore, there may be as many forgeries as there are returns.

By demurring the Commonwealth only admitted that the defendants had been acquitted of forging the returns of Blakely, nothing more, and the court, in disposing of this demurrer, was bound to look at the whole record, which would have disclosed that the acquittal pleaded and the offence charged were not the same. The true test to ascertain whether a plea of *autrefois acquit* is a good bar is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first : 1 Bishop's Crim. Law, sect. 1052, and cases cited ; 1 Whart. Crim. Law, sect. 565 ; Heikes v. The Commonwealth, 2 Casey 513.

Apply this test to this case. Could the defendants have been convicted of forging the returns from Old Forge on an indictment for forging the returns from Blakely ? In each count of the indictment they are charged with the specific offence of forging the returns from Blakely. Would evidence of a forgery of returns from Old Forge have been competent on that trial ?

*Stanley Woodward,* contrà.—The demurrer admitted the truth and full effect of the plea, but apart from this it can be sustained

on its merits. The records of an election are one paper, and the offence is not against the township but against the county, and is complete when an alteration is made in a single tally.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1877.

This case is controlled by the effect to be given to the pleadings. The indictment substantially charges that the defendants forged, defaced, withdrew and falsified tally papers, certificates, documents and records, taken and made at the general election held on the 2d day of November 1875, in and for the township of " Old Forge." The defendants plead *autrefois acquit*, setting forth at length another indictment, which charged them with having committed the same offences in regard to the tally papers, certificates, documents and records, taken and made at a general election held on the same day, in and for the " Southern District of the township of Blakely," and averred a trial and acquittal on said indictment " as by the record of the said proceedings now here appears." They further averred that the felony and misdemeanor charged in that indictment, were one and the same felony charged in the present indictment, and this they were ready to verify, &c. To this plea, the Commonwealth demurred generally. The court overruled the demurrer, sustained the plea of *autrefois acquit*, and ordered the defendants to go without day.

This judgment of the court is assigned for error.

As a general rule a demurrer admits the facts pleaded and refers the question of their legal sufficiency to the decision of the court. To give this effect to the demurrer the facts must be well pleaded: Hancocke *v.* Prowd, 1 Saund. 337 b, n. 3; Jones *v.* Stevens, 11 Price 235.

Here the defendant's plea set forth the record of an acquittal on an indictment charging an offence in regard to the returns of an election held in another township. It did not aver that the townships named in each indictment were one and the same township. Bearing different names the legal presumption is that they were separate and distinct townships. The plea alleges no fact repelling that presumption.

It is contended that the same election is described in each indictment, and that therefore that each offence was committed by one and the same act. In one sense it may be said that it was the same election: but in many others it was not. Each was a district in which the qualified voters thereof might vote in the election of the same officers, but it does not necessarily follow that the votes were cast for the same persons. John Doe may have received all the votes cast, for a particular office, in one township, and Richard Roe all cast for the same office, in the other township. A fraudulent alteration of the records, showing the number of votes cast in one

[Commonwealth v. Trimmer.]

township, would not add to or take from, the true number cast in the other township. The number of votes cast in one township is an independent fact, not changed by the number cast in any other township. It is true the election held in each district affects the general result in determining who are elected to the several offices. At this general election the vote in each district not only affected the result in the whole county of Luzerne, but in so far as it was cast for state officers, it affected the result in the entire Commonwealth. Yet this fact by no means destroys the separate identity of each district. Each election district has its own officers to superintend the election therein. They only certify to the number of votes there cast and make the proper return. Their powers, duties and responsibilities apply to the elections in their own district only. There is no such unity between townships as to make the records of one township the records of another township, for any purpose. The record of the school directors in school district A. is not the record of the school directors in district B. The taxes levied in one district are not the taxes of the other. The schoolhouse of one district is not the property of another district. The tally papers and records of the votes cast and of the voters, in the township of "Old Forge," are not the tally papers and records of the votes cast, nor of the voters, in the township of "Blakely." It is very clear that on an indictment for falsifying the election returns of "Blakely" township the defendants could not be convicted of having falsified the returns of "Old Forge" township. Proof of the returns of one township is no proof of the returns of any other township. Evidence identifying the returns from one is no evidence of the returns from another. Where the evidence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the first, the plea of autrefois acquit is generally good, but not otherwise: 2 Am. Crim. Law, § 565. The fact that the returns of the election held in the several districts of the county, are all deposited in the prothonotary's office, does not make them an indivisible record. They still have a separate and distinct existence.

The question here is not whether an indictment might not have been framed in language general and broad enough to have let in the evidence, and to have tried the defendants for falsifying all the returns of this election in the county; but whether such action could have been had under the indictment pleaded in bar, which limited the offence to the records of "Old Forge" township? As on an indictment for forging the note of A., no conviction could be had for forging the note of B., so on an indictment for forging the election papers of "Old Forge" township no conviction could be had for forging the election papers of "Blakely township."

It is contended that if this be the correct effect to be given to the record, yet inasmuch as the plea further avers the offence to have been the same, it changes the effect of the record. We cannot

[Commonwealth *v.* Trimmer.]

adopt this view. The plea concludes, as it necessarily must, with a *prout patet per recordum,* and an offer to verify it by the record. Then whether the offence is the same is to be decided by an inspection of the record.

On demurrer to a plea in bar, the court will consider the whole record, and give judgment for the party who on the whole appears to be entitled thereto : Duppa *v.* Mayo, 1 Saund. 285, n. 5 ; 1 Tr. & H. Pract. 490 ; Murphy *v.* Richards, 5 W. & S. 279. Hence, on a demurrer to a replication, if the court think the replication bad, but perceive a substantial fault in the plea, they will give judgment not for the defendant, but for the plaintiff, provided the declaration be good : Anon., 2 Wilson 150. Whether the former acquittal was for the same offence depends on the record pleaded, and not on the argument or inference deduced therefrom. The defendants plead in bar a former trial on no other indictment than the one set forth in the plea. If that record shows that the evidence necessary to support a conviction on the present indictment, would have been insufficient to procure a legal conviction on the former, the plea of *autrefois acquit* is not sustained.

It was further urged that the objection to the sufficiency of the plea could be raised by special demurrer only. It is undoubtedly true that a special demurrer is necessary where the objection turns on matter of form only ; but a general demurrer is sufficient where the objection is to matter of substance : Steph. on Plead. 159 ; 1 Tr. & H. Pract. 489. Here the demurrer is to matter of substance. The substance of the plea is the record therein recited. The demurrer denies the sufficiency of all the facts shown by that record. The record pleaded describes specifically the offence charged in the former case, and shows it is not the same offence which is charged in the present. It shows the offence now charged here could not have been tried there. It is the duty of the court to declare the legal effect of a record which is offered to sustain the plea of *autrefois acquit,* and the record cannot be gainsaid by parol evidence : Martha *v.* State, 26 Ala. 72. The learned judge erred in overruling the demurrer.

Judgment reversed, and judgment of *respondeat ouster*.