212      527
s 30 SC  324
s 30 SC  325
s 30 SC  326
s 30 SC  328
s 30 SC  329
212      527
s216      73
s216      75
s216      76
s216      77
s216      78
s216      80

## Commonwealth *v.* Shoener, Appellant.

*Criminal law—Public officers—Demand for payment of public funds—Clerk of courts.*

A clerk of courts cannot be convicted of failing to pay over public funds when legally required to do so on demand made, where it appears that he held the funds under an agreement with the county pending a judicial determination as to whether he or the county was entitled to them and that the only demand made upon him was made prior to the conclusion of the suit adversely to him in the civil court.

In the civil courts constructive demands may be and are recognized, but not so in a criminal court in the prosecution for an offense having as one of its statutory ingredients a refusal to pay on demand. A demand there means actual demand.

Argued Feb. 14, 1905. Reargued May 10, 1905. Appeal, No. 286, Jan. T., 1904, by defendant, from judgment of Superior Court, Oct. T., 1904, No. 47, reversing judgment of Q. S. Schuylkill Co., March T., 1903, No. 175, on verdict of guilty in case of Commonwealth v. John T. Shoener. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ., on reargument. Reversed.

Appeal from Superior Court.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was judgment of the Superior Court.

*Wm. Wilhelm* and *James B. Reilly*, with them *Joseph W. Moyer* and *James Scarlet*, for appellant.

*C. E. Berger*, district attorney, with him *Samuel H.* and *D. W. Kaercher, John F. Whalen* and *C. A. Snyder*, for appellee.

OPINION BY MR. JUSTICE BROWN, June 22, 1905 :

John T. Shoener was elected and commissioned clerk of the court of quarter sessions of the county of Schuylkill for the term of three years from the first Monday in January, 1900. During the three years that he served as such clerk he received from applicants for liquor licenses and for transfers of the same a fee of. $5.00 on each application. This fee is fixed and di-

rected to be paid by the Act of July 30, 1897, P. L. 464. He kept an account of the fees he so received and made return of them to the county authorities, but retained them for judicial determination as to whether they belonged to him or the county. Several days before his term expired he received a note from the controller of the county, of which the following is a copy:

"POTTSVILLE, PA., December 30, 1902.
" To JOHN T. SCHOENER,
    " Clerk of the Courts of Schuylkill County, Pa.
    " Dear Sir:—

In accordance with the opinion of Judge Marr in the case of the County of Schuylkill vs. you and in behalf of the County, I ask you to make settlement on or before December 31, 1902, with the County Treasurer, for all license fees, with interest, and other County funds now in your possession. I would also call your attention to the fact that you have not made settlement with the County Treasurer for the past six months, and would ask you to do so at once. In case of failure on your part to do so by December 31, 1902, I will be obliged to institute proceedings both civil and criminal against you.

" Yours respectfully,
" H. J. MULDOON, Controller."

This notice, for a reason hereafter to be stated, was not heeded, and on January 3, 1903, the deputy controller of the county made an information against the appellant, charging him with having retained and converted to his own use the fees received by him for filing applications for liquor licenses and for transfers of them. At the succeeding November sessions of the court of quarter sessions of the county, on this information, an indictment was found against Shoener containing thirteen counts, the first, second, third, fifth, sixth, seventh, ninth, tenth and eleventh charging him, in the language of the 65th section of the Act of March 31, 1860, P. L. 382, with having embezzled and converted to his own use the license fees collected by him during his term. The thirteenth charged him with embezzlement of the fees paid on applications for the transfer of licenses. On a trial of the indictment he was acquitted by the jury on these nine counts. The fourth, eighth, and twelfth charged him simply with having failed to

pay over the license fees, "when thereunto legally required by the county of Schuylkill, or its legally authorized officers, to the treasurer of the county of Schuylkill, he being the proper officer authorized to demand and receive the same." The result of the trial, then, was an acquittal of the defendant on the charges of converting the license fees to his own use and a con viction of having failed to pay them over under an allegation that demand had been made upon him to do so. A motion in arrest of judgment and for a new trial having been denied and sentence imposed, an appeal was taken to the Superior Court, and, after considering the many questions raised, that court sus · tained the appellant's conviction: Commonwealth v. Shoener, 25 Pa. Superior Ct. 526.

On this appeal we regard as the fundamental question involved the sufficiency of the evidence to show that a legal demand had been made on the appellant to pay over the fees to the county before this prosecution was instituted, or rather whether, at the time the demand is alleged to have been made, he was bound to regard it. Conceding that the letter from the controller of December 30, 1902, was a demand, and made by the proper officer, what was the situation at that time ? The offense charged was committed then or not at all, for there is no pretense that any other demand was ever made.

The county of Schuylkill brought suit in the common pleas to recover from the appellant the license fees received in the year 1900. As the question involved depended on no disputed facts, the county and the defendant submitted the determination of it to the court on a case stated. The facts agreed upon were, that John T. Shoener, clerk of the court of quarter sessions, had received from each applicant for a license at the January Term, 1901, a fee of $5.00, paid to him under the Act of 1897, P. L., 464, the third section of which provides : "Every person intending to apply for license as aforesaid under the provisions of this or any other Act of Assembly in any city or county of this commonwealth, on and after the passage of this Act, shall file with the clerk of the court of quarter sessions of the proper county his, her or their petition, at least three weeks before the first day of the session of the court at which the same is to be heard, and shall, at the same time, pay said clerk five dollars for expenses con-

nected therewith; and said clerk shall cause to be published two times in three newspapers designated by him, one of which may be printed in the German language, a list containing the names of all such applicants, their respective residences, and the place for which application is made; and the cost of publication shall not exceed the usual rates charged by such newspapers; the first publication shall not be less than fifteen nor more than twenty-five days before the time fixed by the court; Provided, The amount to be paid for such advertisement shall not, in the aggregate, exceed the five dollars provided in this section to be paid by such applicant for expenses;" that there were 1,076 applicants for licenses at that term of the court, and the appellant received from them $5,380; that he retained the said sum and refused to pay it into the county treasury, for the reason that the act of assembly created the money thus collected as a special fund for the expenses of advertising and his own legal expenses incident thereto, and that after paying all expenses out of the fund made up from the said $5.00 paid by each applicant, the balance remained due to him and was not an earning of the fees under the meaning of the salary act of 1876, but was in the nature of a special fee for special services rendered. Under this statement of facts it was agreed that the court should decide whether the fees belonged to Shoener or to the county, and enter judgment accordingly, each party reserving the right to appeal to this court from the judgment to be so entered. On December 22, 1902, judgment was entered on the case stated in favor of the county of Schuylkill for $5,380, the amount of the license fees collected. On January 3, 1903, as already stated, the information was made against the appellant on which this indictment was found. On January 9, 1903—less than three weeks from the time the judgment was entered—the defendant appealed to this court, and on May 4, 1903, the judgment below was affirmed: Schuylkill County v. Shoener, 205 Pa. 592.

By the decision in that case it was judicially determined that the license fees collected by the appellant belonged to the county of Schuylkill. After notice from him that he was retaining these fees for judicial determination as to who owned them, the county agreed with him that the question of their ownership should be judicially determined not only by the

court below, but by this court. It is true, as is stated in the opinion of the Superior Court, our decision did not change the law as to the ownership of the fees; it simply announced the law to be that the fees never belonged to the defendant, but were the property of the county of Schuylkill from the time he received them; and, therefore, as held by that court, his mistake as to the law did not relieve him from responsibility.

The appellant has been acquitted of embezzling and converting the moneys to his own use and convicted of failing to pay them over when legally required to do so on demand made. The only demand ever made on him to pay over was the letter of the controller of December 30, 1902, if it is to be regarded as a demand within the meaning of the statute. It was made at a time when the determination of the question of the ownership of the fees was pending in the courts by agreement of the county of Schuylkill, the only party entitled to them if they did not belong to the defendant. It was competent to make such an agreement. How could any demand have been made at that time that the defendant was bound to heed? It was his right to ignore it, and in doing so a sufficient answer to the county making it would have been, "You have agreed that the courts shall first determine to whom these moneys belong before I am to be called upon to pay." In the civil court the liability of the defendant could not have been enforced until it was first fixed and determined in accordance with the agreement between the county and himself, and, in a criminal court, where every presumption is in favor of innocence and the criminal statutes are to be strictly construed, how can it be pretended that the appellant had criminally failed to pay over on demand? The failure to pay on demand, as contemplated by the statute under which he is indicted, is a failure to pay that which, at the time the demand is made, clearly belongs to the county making the demand, and does not apply to a case where demand is made to pay during the pendency of a dispute as to who is entitled to the money, and which dispute, by agreement of both parties to it, is pending determination in the courts. If, in compliance with the notice received from the controller, Shoener had paid over these license fees during the pendency of the question of their owner-

ship, and it had been subsequently determined by the court that they belonged to him, they might have been lost to him, for by such a payment his right to recover back would be very doubtful. In refusing to pay over at the time the alleged demand was made he did just what any other man, similarly situated and with due regard to his rights, would have done; and it is a perversion of the 65th section of the act of March 31, 1860, to attempt to apply it to a case like this. The only evidence of a demand to pay over was the letter. This was written, and received by the appellant, at a time when the county, by its own agreement, could not have enforced any civil liability against him, and in refusing to comply with the notice to pay he was standing on his right not to do so until it was determined that the county was entitled to receive the money.

The learned trial judge charged the jury that the institution of the suit in the common pleas of the county was a legal demand for the payment of the money, and should be regarded as such a demand in the prosecution of the appellant on the counts charging him with failure to pay over on demand. In the civil courts constructive demands may be and are recognized, but not so in a criminal court in the prosecution for an offense having as one of its statutory ingredients a refusal to pay on demand. A demand there means actual demand. The only actual demand that the commonwealth pretends was made was the controller's letter. It was written after the institution of the civil suit and after the distinct agreement by the county that the question of the defendant's liability should be judicially determined. Before being so determined there was no liability to be enforced against him civilly, and, therefore, no demand to be made upon him that he was bound to recognize. He has been acquitted on the counts charging him with the conversion of the public funds to his own use, and there was no evidence to sustain the conviction on the charge that he had failed to pay over after having been legally thereunto required on demand made. The eleventh assignment in the Superior Court complains of the error of the court below in instructing the jury that there had been legal demand made upon the defendant to pay over the fees. This assignment should have been sustained. If there had been proper in-

structions as to a legal demand, the defendant would have been acquitted on the counts on which he was convicted. The remaining assignments need not be considered.

The judgment of the Superior Court is reversed, as is that of the court below, and the defendant is discharged from his recognizance.

MR. JUSTICE MESTREZAT, concurring:

I concur in reversing this judgment. I would go a step further than the opinion of this court and hold that the controller of Schuylkill county had no authority to make a demand upon Shoener for the payment of the fees and hence there had been no demand made upon the defendant prior to the institution of this prosecution as required by the act of March 31, 1860, under which the indictment was found. The proper officer to make the demand under this act is the " person authorized to demand and receive the same." It is conceded that the controller had no authority to receive the fees from Shoener and it logically follows that the controller was not the proper officer to make the demand upon him for their payment. This is a criminal proceeding and the statute authorizing it should be strictly construed.