## Commonwealth v. Shoener, Appellant.

*Criminal law—Public officers—Demand for payment of public funds—Statute of limitations—Act of March 31, 1860, P. L. 382.*

A public officer cannot be convicted of failing to pay over public moneys on proper demand, as provided by the Act of March 31, 1860, sec. 65, P. L. 382, until an actual and not a constructive demand has been made by the proper officer or person authorized to demand and receive the money. Until such demand is made no offense has been committed. The statute of limitations begins to run, therefore, only from the date of the demand.

*Criminal law—Pleading—Former acquittal—Public officer.*

On a demurrer to a plea in bar the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled thereto. If the plea is former acquittal, the question whether the former acquittal was for the same offense depends upon the record pleaded, and not on the arguments or inferences deduced therefrom.

The true test whether the plea autrefois acquit be a good bar, is whether the evidence necessary to support the second indictment would have been sufficient to have secured a legal conviction on the first.

Where a public officer has been convicted of failing to pay over public moneys after demand made upon him, and the conviction has been reversed by the Supreme Court on the ground that no proper demand was or could have been made upon the defendant pending the determination in a civil proceeding of his right to hold the money, such a reversal cannot be pleaded as a former acquittal to a subsequent indictment for failing to pay over the moneys, where it appears that the civil proceedings were concluded against the defendant, and that a demand was made thereafter by the proper officer.

Argued May 15, 1906.    Appeal, No. 131, Jan. T., 1906, by defendant, from judgment of Superior Court, Oct. T., 1905, No. 211, affirming judgment of Q. S. Schuylkill Co., Sept. T., 1905, No. 905, on verdict of guilty in case of Commonwealth v. John T. Shoener.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court, 30 Pa. Superior Ct. 321, was as follows:

The first specification alleges that the court below erred " in overruling the third paragraph of defendant's demurrer, which paragraph is as follows : That the offense charged in said indictment is barred by the statute of limitations, the same having been found more than two years after the moneys alleged to have been received by the defendant, and which he failed to pay over, came into his hands." The indictment charged in apt language that the defendant had been duly elected and qualified as clerk of the court of quarter sessions of the peace for the county of Schuylkill, and exercised the duties, powers, rights and privileges of said office from the first Monday of January, 1900, until January 5, 1903 ; and that he had by virtue of his office collected and received from applicants for license to sell liquor in said county fees amounting to the sum of $7,243.28 and upwards, for and in the name of and on account of the county of Schuylkill ; and that F. J. Noonan, the treasurer of said county of Schuylkill, did on June 30, 1905, demand and require him, the said John T. Shoener, to pay over to him, the said treasurer, the said sum of money, and the said John T. Shoener did unlawfully fail to pay over the said sum unto the said treasurer when thereunto lawfully required, by said treasurer, he, the said F. J. Noonan, being the proper officer authorized to demand and receive the same.

The indictment was drawn under the provisions of the 65th section of the Act of March 31, 1860, P. L. 382, which provides that : " If any state, county, township or municipal officer . . . . shall convert to his own use, in any way whatsoever, or shall use, by way of investment in any kind of property or merchandise, any portion of the public money intrusted to him for collection, safe-keeping, transfer or disbursement, or shall prove a defaulter, or fail to pay over the same when thereunto legally required by the state, county or township treasurer, or other officer or person authorized to demand and receive the same, every such act shall be deemed and adjudged to be an embezzlement of so much of said money as shall be thus taken, converted, invested, used or unaccounted for, which is hereby declared a misdemeanor." The present Chief Justice

construed this section of the statute in Commonwealth v. Mentzer, 162 Pa. 646, and there said: " The section clearly specifies four distinct and separate facts with reference to public money, which shall constitute the offense of embezzlement, to wit, conversion to the officer's own use, investment in property or merchandise, becoming a defaulter, or failing to pay over on proper demand.   These are clearly enumerated in the disjunctive, and it is further declared ' that every such act ' shall be deemed and adjudged an embezzlement.   Each of these acts, therefore, though of very varying character and degree of moral turpitude, is of equal legal import, and by itself constitutes the full statutory offense.

" Prima facie, therefore, each of such acts charged is a separate crime, and where such is the fact no two can be charged in the same count.   But . . . . where . . . . two or more of the enumerated acts are in truth only successive steps in one appropriation or embezzlement of the same money, it would be contrary to the fundamental principles of our criminal jurisprudence to hold that they had not merged and become but one offense."   This indictment charged the defendant with only one of the acts by the statute made a misdemeanor : the failure to pay over the money when thereunto legally required by the county treasurer, the proper officer authorized to demand and receive the same.   This statute did not make it a misdemeanor for a county officer to fail to pay over public money as soon as he received it, nor as soon as it became his official duty to pay it over ; under its provisions it is only after the official who has collected the money has been legally required to pay by the county treasurer or other proper officer or person authorized to demand and receive the same, that a failure to make the payment becomes a misdemeanor.   That a demand must be made before this offense can be committed ; that the demand must be an actual one, and that no constructive demand will meet the requirements of this statute, has been definitely settled by the decision of the Supreme Court in Commonwealth v. Shoener, 212 Pa. 527.   This indictment averred that the demand by the treasurer was made on June 30, 1905.   If the other averments of the indictment were true the defendant was still civilly liable to the county for the money, and the treasurer had the lawful right to make the demand ;

had the defendant then paid the money he would never, so far as the averments of this indictment are concerned, have been guilty of the offense with which he is now charged.    It was only his failure to pay when the demand was made upon him that brought him within the operation of this statute; the right of the commonwealth to prosecute then arose, and from the date of the demand the statute of limitations began to run.    The first specification of error is dismissed.

The defendant raised in various forms the question as to when the statute of limitations, as to this offense, began to run, by his first, second, third and fourth written requests for instructions to the jury.    These points presented but one question in different forms, and by them the court was requested to instruct the jury: that the Act of March 31, 1876, P. L. 13, made it the official duty of the defendant to pay into the county treasury on the first Monday of each month during his term, and the first Monday of the month next after the expiration of his term, all fees received by him during the preceding month, and that the defendant was required by law to pay the $7,243.28 mentioned in the indictment into the county treasury on the first Monday of January, 1903; and if the jury found that he had failed to do so, " the offense of failure to pay over under this indictment was then complete," and it immediately became the duty of the county treasurer to demand payment of said money, and the commonwealth was bound to bring the indictment within two years from the time when the county treasurer could have so legally demanded payment of said money; that the failure of the treasurer to make that demand could not stop the running of. the statute of limitations, and that the indictment not having been found within two years, the verdict must be not guilty.    The fourth point added " That any agreement or stipulation entered into between the county of Schuylkill and the defendant for the purpose of legally determining the legal ownership of said money or any part thereof in a civil proceeding in the courts of the state did not arrest the running of the statute in favor of the defendant, but the statute became a bar to this indictment in two years after the first Monday of January, 1903, when defendant's term of office expired and he failed to pay over."    The defendant was not indicted under the provisions of the act of 1876.    It cannot be seriously con-

tended that the act of 1876 repealed the 65th section of the act of March 31, 1860.   The third section of the act first mentioned does, it is true, provide penalties for violation of some of its provisions, but it expressly provides that such penalties shall be "in addition to the other penalties for such offenses." We must, for the reason so clearly stated by Mr. Justice BROWN in Commonwealth v. Shoener, 212 Pa. 527, hold that in order to complete and render liable to indictment the crime with which this defendant stands charged, there must be an actual demand made upon him by a proper officer, and "a failure to pay that which, at the time the demand is made, clearly belongs to the county making the demand."   The offense had no existence until after a lawful demand within the meaning of the statute was made, and from the date of that demand the statute of limitations began to run.   Had the defendant produced evidence that some officer having authority to do so had, at a time when the defendant was legally liable to have such demand made upon him, actually demanded that the defendant pay the money to the county treasurer, that evidence would have raised a question of fact as to the time when the first regular and lawful demand was made and the statute of limitations would begin to run from that date.   No such evidence was offered.   The question attempted to be raised by the fourth point was not involved in this case; the agreement referred to did not arrest the running of the statute of limitations after it had once commenced to run, but that agreement having been made before the defendant had received the money involved in this proceeding, he had the right from the moment he received it to hold it until the question of the ownership of the fees was determined by the final judgment of the Supreme Court, and it was not until after that final judicial determination that the county treasurer had any right to demand payment of the money.   This was expressly ruled in Commonwealth v. Shoener, 212 Pa. 527.

The fifth and sixth specifications of error may be properly considered together.   The defendant interposed a special plea in bar, setting forth at length the record of the proceedings in the case of the Commonwealth v. John T. Shoener, No. 75, March Term, 1903, of the court of quarter sessions of the county of Schuylkill, and the review thereof by the Supreme

Court of Pennsylvania, on appeal to No. 286, January Term, 1904, reported 212 Pa. 527, and upon the record so pleaded prayed judgment of the court if he ought to be put further to answer the present indictment.   The commonwealth demurred to the plea and the court sustained the demurrer, which ruling is the subject of the fifth specification of error.   The defendant then entered a general plea of autrefois acquit and not guilty. The only evidence offered under the plea autrefois acquit was the same record which had been specially pleaded in bar, there being no dispute that the defendant was the person charged in the former indictment; and upon that issue the jury, under the instructions of the court, rendered a verdict in favor of the commonwealth.   The instruction of the court directing the jury to find for the commonwealth on that issue is the subject of the sixth specification of error.   On demurrer to a plea in bar the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled thereto.   If the plea is former acquittal, the question whether the former acquittal was for the same offense depends upon the record pleaded, and not on the arguments or inferences deduced therefrom : Murphy v. Richards, 5 W. & S. 279 ; Heikes v. Commonwealth, 26 Pa. 513.    The record pleaded in bar showed a prosecution for embezzlement commenced on January 3, 1903, an indictment found on November 14, 1903, containing thirteen counts, a trial which resulted in the acquittal of the defendant on the first, second, third, fifth, sixth, seventh, ninth, tenth, eleventh and thirteenth counts, and a verdict of guilty on the fourth, eighth and twelfth counts, a judgment of the court of quarter sessions upon the eighth and twelfth counts, and a reversal of that judgment, and discharge of the defendant from his recognizance by the Supreme Court.   Upon the trial of the issue formed by the record pleaded in bar the burden was upon the commonwealth to prove that prior to the commencement of that prosecution a proper officer had made demand upon the defendant that he pay to the county treasurer money which, at the time the demand was made, it was the legal duty of the defendant to so pay, and that the defendant had failed to pay upon such demand.   No evidence of a demand made after the finding of that former indictment would, upon the trial thereof, have been admissible.   In the present indict-

ment it was necessary for the commonwealth to prove that there had been a demand made by the county treasurer on June 30, 1905, that the defendant pay, to said treasurer, money belonging to the county at that time in the hands of the defendant and which the treasurer at that time had the lawful right to require him to pay.

The true test to ascertain whether the plea of autrefois acquit be a good bar is whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction on the first : Commonwealth v. Tadrick, 1 Pa. Superior Ct. 555 ; Commonwealth v. Rockafellow, 3 Pa. Superior Ct. 588 ; Commonwealth v. Montross, 8 Pa. Superior Ct. 237 ; Commonwealth v. Hazlett, 14 Pa. Superior Ct. 352; s. c., 16 Pa. Superior Ct. 534; Hilands v. Commonwealth, 114 Pa. 372.    The plea averred the offenses to have been the same, but the effect of this was to change the record, and the record must stand : Commonwealth v. Trimmer, 84 Pa. 65.    There was no error in the judgment of the court upon the demurrer to the special plea in bar.    The instruction of the court to the jury to find for the commonwealth upon the issue raised by the defendant's plea of autrefois acquit might be sustained upon the same grounds alone, but as the facts, although absolutely undisputed, are somewhat involved it may be well to briefly state them.    The defendant offered in evidence the record of the indictment and proceedings thereunder against him above referred to, and in immediate connection therewith the record of the case of the County of Schuylkill v. John T. Shoener, No. 61, January Term, 1902, of the court of common pleas of Schuylkill county; No. 6, January Term, 1903, of the Supreme Court of Pennsylvania, and especially the agreement in the nature of the case stated between the county and Shoener, included in the latter record.    These two records, taken together, establish all the facts considered by the Supreme Court in Commonwealth v. Shoener, 212 Pa. 527.

The verdict of the jury at the former trial found the defendant not guilty upon ten counts of the indictment and guilty upon three counts.

The verdict as to the counts upon which the defendant was acquitted established that he had not prior to that time converted the money to his own use, or invested it in property or

merchandise.   These are offenses distinct from the mere fail-
ure to pay over on proper demand, and the acquittal as to them
would not shield the defendant against the present prosecution:
Commonwealth v. Mentzer, 162 Pa. 646.   The three counts
upon which the defendant was found guilty were the fourth,
eighth and twelfth.   The fourth count charged him with failure
to pay over upon demand the moneys received by him as license
fees on January 7, 1901; the eighth count charged a like offense
with regard to money received on January 6, 1902, and the
twelfth count charged him with failure to pay on demand
moneys received by him on January 5, 1903 ; the failure to pay
over on demand the money received by the defendant for license
fees in the month of December in each year of his term as shown
by his report filed on the first Monday of January following,
being laid in a separate count.   The court of quarter sessions
did not sentence the defendant upon the fourth count of the
indictment, which charged the failure to pay over the fees re-
ceived in January, 1901.   The court did sentence the defend-
ant on the eighth and twelfth counts, which respectively
charged the failure to pay over on demand the fees included
in his official reports for January, 1902, and January, 1903.
That judgment was reversed by the Supreme Court, without a
new venire (Commonwealth v. Shoener, 212 Pa. 527), for the
reason that because of the then pending civil proceeding and
the agreement in the case stated to which the county and the
defendant were parties, the defendant had the right to retain
all these license fees; that they did not become payable to the
county and neither the county nor any of its officers had a right
to demand that the defendant should pay them to the county
treasurer, until after the question of the ownership of the fees
had been determined by the Supreme Court, which final deter-
mination was not had until May 4, 1903, in the decision reported
in Schuylkill County v. Shoener, 205 Pa. 592.   In reversing
the judgment of this court and of the court of quarter sessions,
the Supreme Court, who spoke by Mr. Justice BROWN, in ref-
erence to the failure of the defendant to pay, said : " In refus-
ing to comply with the notice to pay, he was standing on his
right not to do so until it was determined that the county was
entitled to receive the money."

The record offered in evidence did not show an adjudication

that the defendant had not received the money, nor that, having received it, he had paid it over.   It did show an adjudication by the court of last resort that the defendant had the right to retain this money and could not legally be required to pay it over until May 4, 1903.   The agreement in the nature of a case stated, which was thus conclusively determined to vest in the defendant the right to retain these fees until the question of their ownership was determined by the Supreme Court, was made, executed and filed of record in the court of common pleas of Schuylkill county of November 21, 1901.   The fees involved in the present indictment were not received by the defendant until after that date, a part of them within two months and the remaining portion over a year after the agreement had been filed of record.   The agreement was in force at the time the defendant received the fees.   There never was a time when a lawful demand could have been made upon the defendant to pay these fees, until after the question of their ownership was determined by the Supreme Court on May 4, 1903.   This was distinctly held with regard to the twelfth count of the indictment in the former proceedings, which distinctly charged the receipt of the fees to have been in January, 1903, and which was supported by evidence that the money was actually received by the defendant in December, 1902, and that he acknowledged said receipt in his official return on the first Monday of January, 1903.

The defendant had received the money in question by virtue of his office.   When the question of its ownership was determined by the decision of the Supreme Court on May 4, 1903, it became his duty to pay the money to the county treasurer, but his failure to pay it did not, under the provisions of the 65th section of the act of March 31, 1860, become criminal until after the county treasurer had made demand.   When the treasurer did make such demand, the offense was complete. The instruction of the court below to the jury to render a verdict in favor of the commonwealth upon the issue raised by the plea of autrefois acquit was, under the records and evidence presented, correct: Solliday v. Commonwealth, 28 Pa. 13, and the cases hereinbefore cited.   In this view of the case we do not deem it necessary to consider the question of the constitutionality of the Act of June 12, 1878, P. L. 196, section 6, nor

whether the period of limitation of prosecutions in cases of this character is by that statute extended to four years. All the assignments of error are dismissed.

The judgment is affirmed, and it is ordered that the defendant appear in the court of quarter sessions of Schuylkill county and by that court be committed until such part of the sentence as had not been performed when this appeal was made a supersedeas, be complied with.

*Error assigned* was the judgment of the Superior Court.

*Wm. Wilhelm* and *James B. Reilly*, with them *Joseph W. Moyer*, for appellant.

*Guy E. Farquhar* and *C. E. Berger*, with them *John F. Whalen* and *J. A. Reed*, district attorney, for appellee.

OPINION BY MR. JUSTICE BROWN, June 27, 1906:

But little need be said in affirming this judgment. The learned and careful trial judge correctly disposed of the questions raised by the appellant, and, in doing so, understood what was said in Commonwealth v. Shoener, 212 Pa. 527, just as we intended it should be understood. The same is true of the Superior Court, and to its clear opinion affirming the judgment below nothing can be profitably added.

In support of his plea of autrefois acquit, the appellant relies upon our reversal of the former judgment against him. The jury on the trial of the first indictment found him guilty of having failed to pay over the license fees in his hands after demand had been made upon him to do so. Our reversal of the judgment on that verdict did not acquit him of the offense charged against him in the present indictment. All that we decided was, that, as the county of Schuylkill could not, at the time the prosecution was instituted, have made a legal demand upon the appellant for the payment of the fees in his hands, the statutory offense of failing to pay over had not been committed. He was discharged from his recognizance simply because the prosecution against him had been instituted before the offense charged against him was or could have been committed under the admitted facts in the case. He was, there-

fore, never in jeopardy. If, after his conviction, the court below had arrested judgment on the verdict, he would have been in the same situation in which our reversal of it placed him, but he could not have pleaded the arrest of the judgment as a bar to a new indictment against him for an offense subsequently committed, for he never was in peril. As to this the authorities are without number. Equally unavailing is the plea of the statute of limitations. It was admittedly the duty of the appellant to pay over the moneys in his hands, when he learned, on May 4, 1903, that they belonged to the county; but his failure to perform that duty was not a crime, and, as long as he retained the moneys without a demand from the county that he pay them over, he was not committing the statutory offense for which he was prosecuted in the present proceeding. Failure to pay over was not an offense ; failure to pay over on demand was. The county, for any reason, might have indulged him, and, having done so, its indulgence, which kept him from committing crime, cannot, under the plea of the statute of limitations, be now turned into a shield by him to protect him from the consequences of his crime after his commission of it. When he was still legally liable to pay to the county the fees which he had collected, demand was made upon him to pay them over. When he failed to comply with that demand, he, for the first time, committed the offense charged against him in the present indictment, and from the time of his refusal to pay over, June 30, 1905, and from that time only, could the statute of limitations begin to run.

The judgment of the Superior Court affirming that of the court of quarter sessions is affirmed.