# Hilands *versus* Commonwealth.

1. Where a defendant, indicted for murder, is discharged by reason of an error committed by the court, in discharging the jury sworn to try him, without absolute necessity therefor and without his consent, and he is subsequently indicted for involuntary manslaughter for the same offence, the plea of former acquittal will not avail him.

2. Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of former acquittal is generally good, but not otherwise.

3. Commonwealth *v.* Trimmer, 3 Norris, 69, followed.

October 13th, 1885.  Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.  MERCUR, C. J., absent.

ERROR to the Court of Oyer and Terminer of *Mercer county:* Of October Term, 1886, No. 223.

Indictment for manslaughter found against James W. Hilands.

The following are the facts of the case, as they appeared before MEHARD, P. J.:—

The defendant in this case was tried at No. 1, March Term, 1885, in the Court of Oyer and Terminer of Mercer county, Pa., and convicted of murder in the first degree and sentenced to be hung. A writ of error was taken to the Supreme Court at No. 89, October and November Term, 1885, and the action of the court below was reversed, and afterwards the defendant was discharged under this indictment: 1 Amerman, 1.

He then was arrested for involuntary manslaughter, and an indictment was found against him for that offence. On the trial a special plea was filed, alleging the former acquittal of the defendant for the crime of murder growing out of the same transaction and on the same state of facts. These facts were admitted by the demurrer, filed by the Commonwealth to the special plea of defendant, and the court sustained the demurrer in an opinion filed, claiming that the discharge of defendant on the charge of murder would not avail him on the charge of involuntary manslaughter, as this was not included in the former indictment. Afterwards a jury was called, and the defendant was convicted of involuntary manslaughter and sentenced to the Allegheny county workhouse for two years.

The following is the special plea filed:—

March 8th, 1886, defendant pleads former acquittal of the offence embraced in the indictment in this case, more particularly set forth as follows:—

That at No. 1, March Term, 1885, in the Court of Oyer and Terminer of Mercer county, Pa., the defendant, James W. Hilands, was indicted for the murder of John Kirch, under the same circumstances and for the same act or acts charged in this indictment. That upon said indictment said defendant was formally arraigned and plead not guilty. That he was tried under said indictment and found guilty by the jury of murder in the first degree. That during said trial, in addition to the general plea, in answer to the arraignment, the said defendant plead former jeopardy, which plea was not sustained by the court. That on said verdict of guilty the court, on the 13th day of April, 1885, sentenced the said James W. Hilands to suffer death by hanging.

That a writ of error was taken to the Supreme Court at No. 89, of October and November Term, 1885, and on consideration of the case it was considered that the offence of which the said James W. Hilands was convicted in the court below was a cap-

ital offence, and his plea of former jeopardy should have been sustained, and the defendant should have been discharged under said indictment at No. 1 March Term, 1885, as will appear from record in said case.

That this was on an acquittal of the offence charged in said indictment at No. 1, March Term, 1885, and all other offences included in same, and that the offence charged in this indictment, under the guise of a misdemeanor, is none other than the offence of which the said defendant was discharged or acquitted at said No. 1, March Term, 1885, and therefore he should not be held for trial under this indictment.

The Commonwealth, by the District Attorney, demurred to said special plea, as follows:—

Now, March 8th, 1886, the Commonwealth, in answer to the matters and things alleged and pleaded by the defendant, in his special plea filed, being the proceedings and discharge shown by the record at No. 1 of March Term of the Oyer and Terminer Court of this county, says the same is not sufficient in law to bar the prosecution of the defendant on the indictment in this case, and this the Commonwealth is ready to verify by the said record at No. 1, March Term, of the Oyer and Terminer Court, and prays that the same may be inquired of by the court.

The court sustained said demurrer for the reasons appearing in the opinion at No. 38, March Term, 1886, in Court of Common Pleas of Mercer county, Pa., as follows:—

On the hearing of this case it appeared that the petitioner was placed in the custody of the keeper of the jail of Mercer county, being accused of the crime of murder; that the grand jury found an indictment against him for that crime, on which he was thereafter brought to trial; that a jury was regularly impanelled, selected and sworn; that thereafter, and before any further step had been taken in the trial, that jury was discharged because of a separation permitted by the court with the consent of the defendant; that a second jury was thereupon impanelled, selected and sworn, but in the meantime the defendant had interposed the plea of "former jeopardy." This plea was not sustained, but the court proceeded with the trial, and the jury rendered a verdict of guilty of murder in the first degree. Defendant moved in arrest of judgment because of the refusal of the court to sustain the plea of former jeopardy. This motion was refused and judgment given on the verdict. The proceedings were removed to the Supreme Court on writ of error, and the judgment of the lower court was reversed on the ground that the plea of former jeopardy ought to have been sustained, and was therefore a bar to further proceedings on the indict-

ment. The order was there made that the record be remitted with a copy of the opinion for further proceedings in the lower court. Since then an information has been made against the petitioner charging him with the offence of involuntary manslaughter, and he is now in the custody of the keeper of jail of Mercer county, held to answer said charge. It is admitted that the fact of killing or homicide, on which the charge of involuntary manslaughter is based, is the same as that charged in the indictment for murder above referred to, and which was tried at No. 1, of March Term, 1885, in the Court of Oyer and Terminer of Mercer county, Pa.

The matter of the petitioner's discharge on this writ has been argued on both sides with a view to the single question whether the result of the trial on the indictment for murder is a bar to the trial of the petitioner for involuntary manslaughter. It is possible that the question of petitioner's discharge might be determined upon other grounds, but it seems proper to examine the question argued at the hearing and to confine this opinion to that alone.

It has been contended on behalf of the petitioner that his situation in regard to the charge of involuntary manslaughter is the same as though, on the indictment for murder, there had been a trial, conviction and pardon; or a trial, conviction and execution. If there had been a lawful conviction on the trial on the indictment for murder, it needs no argument to show that the petitioner could not thereafter be tried for involuntary manslaughter based upon the same homicide. For a conviction of murder would be a conviction of all the elements essential to that crime. But it seems evident that the situation of the petitioner now is the same as though his plea of former jeopardy had been sustained by the lower court on the trial there had. While it is true the plea was not sustained but the trial proceeded to verdict and judgment, it is also true that thereafter all proceedings were without force, and that the verdict and judgment were ineffectual for any purpose. Then, the present situation of the petitioner, without reference to this second charge, is not exactly as it would have been had there been a lawful conviction on the first charge. The most that can be claimed for the result of the former trial is that it has the same effect as though the petitioner had been acquitted of the charge embraced in that indictment. But even here the analogy does not hold good, so far as special effect is given to an acquittal, for the special reason that it was an adjudication on the merits. Nevertheless, a plea of former jeopardy, if sustained, is an effectual bar to a second prosecution for any offence whereof a conviction could have been had on the former trial. Does its effect extend beyond this point, and

[Hilands *v.* Commonwealth.]

so far as to bar a prosecution for any offence which was a part
of the crime charged in the first indictment?   The word "jeop-
ardy," as used by our Constitution, plainly means danger of
conviction and punishment.   A second jeopardy, then means
a danger of a second conviction.   Viewing the term, then,
with reference to the simple meaning of the word it would
seem that a second prosecution would not be debarred by this
plea, unless, under the former indictment, there was danger of
conviction of the offence charged in the second.

It is plausibly argued on behalf of the petitioner that, as a
conviction of the former charge would have been a bar to this
new prosecution, so, therefore, an acquittal or discharge of de-
fendant on a plea of former jeopardy has the same effect.
This does not follow.   The crime of murder is made up of
several parts, punishable separately as distinct offences.   When
there is a conviction of murder, there is necessarily a conviction
of all the parts making up that crime.   Such conviction, however,
can be had only upon proof of all of those parts.   If proof of
any part fail, there must be an acquittal of that charge.   But
because all the parts were not proved, it does not follow that
no part was proved.   An acquittal of that crime, then, is not an
adjudication that the accused is not guilty of a lesser offence in-
cluded in it.   Hence it is that upon an acquittal of a charge of
murder there can be a conviction of voluntary manslaughter.
Why, then, upon the same reasoning can there not be a sub-
sequent prosecution for a still lesser part of the crime, if a con-
viction of that part could not have been permitted on the first?
That there can be such second prosecution has always been a
doctrine of the common law, and it has more than once been
recognized by our Supreme Court as the law of this state.

Thus, at common law a felony and a misdemeanor were so
incompatible in character, punishments and legal incidents,
that they could not be joined in the same indictment.   Where
the common law rule prevails, there can be no conviction for
a misdemeanor on an indictment for a felony.   Bishop Crim.
Law, Vol. 1, page 483, sec. 804.   And on the other hand, the
doctrine of merger worked an acquittal where, upon trial for a
misdemeanor, the proof showed a completed felony.   Whart.
Crim. Pl. & Pr., sec. 464; Com. *v.* Parr, 5 W. & S., 345.   But
in neither case was the acquittal a bar to a subsequent prosecu-
tion for the offence disclosed by the evidence.   1 Bishop Cr.
Law, secs. 788, 804; 2 Hawkins P. C., Curw. Ed., p. 621; 1
Bishop Cr. Law, sec. 1055; Com. *v.* Gable, 7 S. & R., 427.

While the constitutional provision against a second jeopardy
is, in some respects, different from the common law doctrine
involved in the plea of *autrefois acquit,* yet both are founded
upon the principle " that no man shall be placed in peril of

legal penalties more than once upon the same accusation."
Whart. Cr. Pl. & Pr., sec. 490.   Hence, when called upon to
determine whether the offences be the same, the common law
decisions have great weight.

In the case of Commonwealth v. Trimmer, 84 Pa. St. R., 69,
our Supreme Court have given a test which seems to be, in
effect, a solution of the question in hand.   It is as follows, viz :
" Where the evidence necessary to support the second indict-
ment would have been sufficient to procure a legal conviction
upon the first, the plea of *autrefois acquit* is generally good,
but not otherwise."   See Whart. Cr. Pld. & Pr., 8 ed., sec.
456 ; Bishop Cr. Law, 7 ed., sec. 1051, *et seq.*

It is not necessary to point out the many and great differ-
ences between involuntary manslaughter and murder ; and
with the above test before us, the only question is whether
upon the first indictment there could have been a legal con-
viction of any offence, had the evidence been only such as is
necessary to support this second charge.  In other words, can
there be a conviction of involuntary manslaughter on an in-
dictment charging murder?   This question has been twice be-
fore the Supreme Court of this State—once incidentally, to
wit : in Commonwealth v. Gable, et al., 7 S. & R., 423, and
once directly, to wit : in Walters v. Com., 44 Pa. St. R. 135.
In the above cases it was decided that there cannot be a con-
viction of involuntary manslaughter on an indictment for
murder.

These cases of Hunter v. Com., 79 Pa. St. R., 503, and Stae-
ger v. Com., 13 W. N. C., 200, have since been decided, but
they do not purport to disturb the former decisions, nor do
they in effect necessarily reverse them.

It is the duty of this court, therefore, to accept the law as
laid down in Walters v. Commonwealth, *supra ;* and in view
of that decision the conclusion follows, that evidence necessary
to support this charge of involuntary manslaughter would
not have been sufficient to procure a legal conviction of any
offence on the indictment whereof the petitioner has been
discharged.

Then, it appears that the words of the constitutional provi-
sion, the spirit and reason of the rule, the decisions at common
law and under the law of this state, all lead to the conclusion
that the plea of former jeopardy will not avail where proof of
the offence charged in the second prosecution would not have
supported a conviction under the former indictment.   Adding
this to the further conclusion, that upon the trial for murder
the petitioner could not have been convicted of involuntary
manslaughter, it follows that a discharge from the former in-
dictment is not a bar to this second prosecution.   It is not in

place to say anything about the evidence adduced on the former trial, or to add to what has already been said about the verdict of the second jury. Neither the evidence nor the verdict have any bearing on the question here considered, for it has been determined that those proceedings were without force.

The discharge of the petitioner from the custody of the sheriff is refused.

To which ruling of the court in sustaining such demurrer, the defendant excepted, and at his request bill of exceptions sealed. . (Assignment of error.)

The defendant thereupon plead not guilty to said indictment.

Verdict of guilty, whereupon he was sentenced to undergo an imprisonment in the Allegheny County work house for the term of two years. He thereupon took this writ and assigned for error the judgment of the court in sustaining the demurrer of the Commonwealth as above shown.

*Stranahan* (*Bowser* and *J. G. White* with him), for plaintiff in error.—There is but one question brought up in this case, and that is whether the acquittal and discharge of James W. Hilands in the former case was for any purpose. Whether after his discharge in that case he can be subsequently arrested for any minor offences included in it.

It is agreed by the district attorney and the counsel in this case that none of the evidence, nor the charge of the court, be printed in this case, but let the case be determined on the plea of the defendant, demurrer of the Commonwealth and the opinion of the court, because, had the court sustained the plea of the defendant the case would have ended without further proceedings.

In the case of McFadden *v.* The Commonwealth, 23 Pa. St. R., in the opinion of the court by Mr. Chief Justice BLACK, he says: "A discharge of the jury in a capital case after the trial has begun, is not a continuance of the cause. It is the end of it. And for all purposes of future protection it is the same to the prisoner as an acquittal, unless it was done with his own consent or demanded by some overwhelming necessity, such, for instance, as the sickness or death of a juror."

This case with others of like import were quoted in the decision of this court in the case of Hilands *v.* Commonwealth, reported in 1 Amerman, 1. The result of this case being then a virtual acquittal of the defendant, we contend that he should not be put on trial for another offence arising out of, and included in, the same transaction, although technically or legally

[Hilands v. Commonwealth.]

it may not have been included in the former indictment in a way that the defendant could have been convicted under it.

It would not be contended by the Commonwealth that had no interruption of any kind taken place in the former trial, but the same had proceeded regularly through and the defendant had been acquitted by the jury, then he could not be tried under this indictment for involuntary manslaughter. If this be true, then under the case of McFadden v. Commonwealth, *supra*, the discharge of James W. Hilands in the former case, "for all cases of future protection it is the same to the prisoner as an acquital." We therefore claim that the discharge of James W. Hilands in the former case should have operated in his favor in this case.

*G. E. Patterson*, District Attorney, for defendant in error.— In the trial of James W. Hilands for murder on the first indictment he was not legally convicted. All the proceedings subsequent to the discharge of the first jury were a nullity. His standing in this court now is precisely the same as if the court below had sustained his plea of former jeopardy and discharged him from the first indictment without trial.

In the first indictment he was not charged with involuntary manslaughter and, consequently, could not have been convicted of this offence under it: Walters v. Commonwealth, 44 Pa. St. R., 135. He was, therefore, not in jeopardy of a conviction for this offence under the first indictment, and his trial in this case on a second indictment charging involuntary manslaughter did not place him in jeopardy a second time for the same offence.

The first indictment charged the defendant with a felony; the second indictment with a misdemeanor. According to the opinion of Chief Justice TIGHLMAN in Com. v. Gable, 7 Serg. & Rawle, 427, if on a trial for murder the evidence failed to show that the offence committed amounted to a felony, the defendant could be acquitted but could afterwards be indicted for a misdemeanor. In that case the defendant was indicted for murder and convicted of voluntary manslaughter.

In this case whether the crime committed, was actually a felony or not, was not legally determined under the first indictment, for the trial under that indictment was without authority of law. The defendant in this case was not so much as acquitted. His jeopardy under the first indictment, before the first jury, without a trial, simply barred forever a trial before another jury on the same charge, but does not avail him beyond this.

Mr. Justice PAXSON delivered the opinion of the court, October 18th, 1886.

[Hilands *v.* Commonwealth.]

The plaintiff was indicted and convicted in the court below of involuntary manslaughter. When called upon to plead to the indictment he filed a special plea setting forth the fact that he had been indicted and tried in the same court upon the charge of murder; that upon such previous trial the jury had convicted him of murder in the first degree; that the judgment in that case had been reversed by the Supreme Court, and that he had been discharged from said indictment; that the indictment for involuntary manslaughter involves the same facts and circumstances as were involved in the charge of murder, " and that the offence charged in this indictment (involuntary manslaughter), under the guise of a misdemeanor, is none other than the offence of which the said defendant was discharged or acquitted at said No. 1, March Term, 1885."

To this plea the Commonwealth entered a demurrer, and the case is before us now solely upon the effect of the pleadings.

The former case, Hilands *v.* Com., will be found reported in 111 Penn. St., 1. The judgment below was reversed for the reason that the jury first empanneled to try the case had been discharged by the court of its own motion, not only without the consent, but against the will of the prisoner. Another jury was placed in the box, when the prisoner pleaded former jeopardy. The court overruled this plea, and the trial proceeded, resulting in a conviction of murder in the first degree. This court held that the plea should have been sustained, and ordered the discharge of the prisoner from the indictment. He has now been convicted of the offence of involuntary manslaughter, and as is admitted by the demurrer, for the same homicide.

As before observed, the case comes before us now upon the pleadings only; the evidence is not here; hence, we do not know whether upon the trial for involuntary manslaughter, a felonious homicide was proved.

It is very evident the plaintiff can never be tried again upon any charge of which he might have been convicted upon the first indictment. As was said in McFadden *v.* Com., 23 Penn. St., 12, " A discharge of the jury in .a capital case after the trial has begun is not a continuance of the cause. It is the end of it. And for all purposes of future protection it is the same to the prisoner as an acquittal, unless it was done with his own consent or demanded by some overwhelming necessity, such, for instance, as the sickness or death of a juror."

But the protection extends no further than the offence charged in the first indictment, or of which he might have been convicted under it. He was not in jeopardy for any other offence. The first indictment charged murder. Under it he might have been convicted of murder of the first or

[Kyle, Sheriff v. Giebner.]

second degree, or of voluntary manslaughter, but not of involuntary manslaughter. The latter offence is a misdemeanor; it must be charged as such, and cannot be included in an indictment charging felonious homicide excepting in the case of an indictment for voluntary manslaughter, where it may be joined by force of the Act of 31st of March, 1860. Walters v. Com., 44 Penn. St., 135. It follows that when the plaintiff was put upon this trial for murder, he was placed in no jeopardy of a conviction for involuntary manslaughter.

If we regard the result of the first trial as the equivalent of an acquittal of the charge of murder, which is stating it in the most favorable form for the plaintiff, it does not help him. It does not follow that because the crime charged may not in law amount to felonious homicide, that it may not constitute a misdemeanor, and be punished as involuntary manslaughter. The failure of the Commonwealth to convict of the higher crime does not preclude her from establishing a lesser crime, even though arising from the same state of facts. The evidence necessary to establish involuntary manslaughter is essentially different from that required to support an indictment for murder. It was said in Com. v. Trimmer, 84 Penn. St., 69, that, " when the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the pleas of *autrefois acquit* is generally good, but not otherwise."

We need not pursue the subject further. The question was very carefully and intelligently discussed by the learned judge below upon the writ of habeas corpus, and it scarcely needed even these brief remarks to show that his rulings were entirely accurate.

Judgment affirmed.