# Commonwealth *v.* Anagustov et al., Appellants.

*Criminal law—Robbery—Aggravated assault and battery—Constituent offense—Conviction.*

On the trial of an indictment for robbery under section 102 of the Act of March 31, 1860, P. L. 408, a verdict of guilty of aggravated assault and battery will be sustained.

Robbery is the felonious and forcible taking from the person of another of goods or money of any value by violence or putting him in fear, and the offense involves the constituent offense of assault and battery.

On an indictment containing one count charging a felony a defendant may be convicted of a misdemeanor which is a constituent of, or included within, the greater offense.

Argued October 2, 1923.   Appeals, Nos. 84 and 85, Oct. T., 1923, by defendants, from judgment of O. & T. Northampton Co., June T., 1922, No. 91, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Dementous V. Anagustov and Efratios Kalapaxis.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for robbery.   Before STOTZ, J.

The opinion of the Superior Court states the case.

Verdict of guilty of aggravated assault and battery, on which judgment of sentence was passed.   Defendants appealed.

*Error assigned* was refusal of defendants' motion in arrest of judgment.

156, (1923).]   Arguments—Opinion of the Court.

*J. W. Fox,* of *E. J.* and *J. W. Fox,* and with him *Daniel L. McCarthy,* for appellants.—The defendants were convicted of an offense with which they were not charged and the court erred in overruling the motion in arrest of judgment: 2 Archbald Criminal Practice and Pleading, 524; Com. v. Adams, 2 Pa. Superior Ct. 46; Com. v. Stiver, 1 County Court Reports, 526.

*T. McKeen Chidsey,* District Attorney, and with him *Albert F. Kahn,* Assistant District Attorney, for appellee, cited: Harmon v. Comm., 12 S. & R. 68; Hunter v. Comm., 79 Pa. 503; Comm. v. Lewis, 140 Pa. 561; Comm. v. Parker, 146 Pa. 343; Comm. v. George, 12 Pa. Superior Ct. 1.

OPINION BY HENDERSON, J., November 19, 1923:

The defendants were indicted for robbery. The indictment was drawn under section 102 of the Act of March 31, 1860, P. L. 408, and contained one count. The verdict was, "not guilty of robbery, but guilty of aggravated assault and battery." A motion in arrest of judgment was thereupon made on the ground that the indictment did not sustain the verdict. This motion was overruled, and of this action the appellants complain.

The same question is raised in each of the appeals and they may therefore be considered and disposed of together.

The position taken in behalf of the defendants is that there could not be a conviction of aggravated assault and battery because the defendants were never charged in the indictment with having committed assault and battery. It will be noticed that the indictment charges that the defendants did feloniously assault, and did feloniously and violently rob. The section under which the indictment was drawn does not define robbery. We are remitted therefore to the common law definition of the offense. It is, "felonious and forcible taking from the person of another of goods or money to any value by

violence or putting him in fear": 4 Blackstone Comm. 242. It is elsewhere held to be "A felonious taking of money or goods from the person of another, or in his presence, against his will by violence or putting him in fear": 2 Archbald, Criminal Pleading and Practice 524. Under all authorities the offense involves assault, assault and battery, or putting in fear; and the latter is constructive assault. There can be no robbery without an assault or putting in fear. Robbery generally includes an actual battery and force is made an ingredient in some of the offenses included in the prohibition of section 102 of the Criminal Code. It is not controverted that a felony and a misdemeanor may be joined in the same indictment. This is so where the offenses are not repugnant in their nature and legal incidents and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage. Numerous cases hold that on an indictment containing one count charging a felony a defendant may be convicted of a misdemeanor which is a constituent of, or included within, the greater offense: 23 R. C. L. 1162; State v. Crowell, 149 Mo. 391; Wharton, Criminal Pleading and Practice, (9th ed.) section 243; Comm. v. Flaherty, 25 Pa. Superior Ct. 490; Hunter v. Com., 79 Pa. 503; Comm. v. Lewis, 140 Pa. 561; Comm. v. Parker, 146 Pa. 343. In the latter case the court said "But the law is well settled that a man may be acquitted of an offense charged, and yet be convicted of a constituent offense involved within it." That the defendants were put on notice they were to be tried for an act involving violence is evident. The indictment so charges in appropriate terms. By its language the act of the defendants is distinguished from that which would have existed if there had been the case of putting in fear.

Whatever objection may have existed to a conviction for a misdemeanor on an indictment charging a felony when defendants were not permitted to testify in their own behalf no such reason now exists; and where the

charge in a count in the indictment involves as a constituent element a misdemeanor, no substantial reason is apparent why a conviction may not be had for the minor offense. In the very nature of the charge a defendant indicted for robbery is put on notice that there was involved in the act an actual or constructive assault. He is therefore fairly put on notice of that which the Commonwealth might present relating to any feature of robbery.

The contention of the appellants was fully and forcefully presented by their counsel, but we are not convinced that there was error in the ruling of the trial judge.

The judgment is affirmed, and it is ordered that the defendants appear in the court below at such time as they may be there called, and that they be, by that court committed until they have severally complied fully with the sentence, or any part of it which had not been performed at the time the appeal in each case was made a supersedeas.