## Commonwealth *v.* Comber, Appellant.

Argued April 17, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

Appeal, No. 199,

*John Patrick Walsh,* with him *Leon Rosenfield* and *Walsh, Tubis & Dunn,* for appellant.

*Michael von Moschzisker,* First Assistant District Attorney, with him *Samuel Dash,* Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, May 27, 1953:

The defendant was indicted and tried for assault and battery and for aggravated assault and battery; he was convicted of assault and battery. His motions in arrest of judgment and for a new trial as well as all his other motions were refused, and he was sentenced to imprisonment for one year. We allowed an appeal from the Order of the Superior Court* affirming the judgment of sentence of the Court of Quarter Sessions.

Prior to the present case, the Commonwealth had indicted defendant on two bills, one charging murder, and the other charging involuntary manslaughter. The Commonwealth in the trial of those indictments offered evidence to prove that defendant had brutally kicked and beaten Hubert Madden on March 26, 1949, and that his death resulted from striking his head as he fell, and that this fall resulted from defendant's brutal attack. Defendant testified that he was too intoxicated to remember what happened, and his doctors testified it was impossible to state the cause of death. Defendant was acquitted on each bill of indictment. It is

---

* 170 Pa. Superior Ct. 466, 87 A. 2d 90.

obviously impossible to know on what ground the jury based its acquittal—it might have been a failure on the part of the Commonwealth to prove beyond a reasonable doubt that death resulted from the beating.

The Commonwealth then re-arrested the defendant and indicted him on the present bills charging assault and battery and aggravated assault and battery on Hubert Madden. The Commonwealth admits that the same person was assaulted and that the time, place and occasion, and the acts of violence were identical with those involved and proved by the Commonwealth upon the trial of the aforesaid indictments for murder and involuntary manslaughter.

The defendant pleaded autrefois acquit. The Court sustained the Commonwealth's demurrer to the plea. Defendant thereafter was tried on both bills; he was acquitted of aggravated assault and battery and found guilty of assault and battery.

The Act of March 31, 1860, P. L. 427, Sec. 30, 19 P.S. 464, provides: "In any plea of autrefois acquit or autrefois convict, it shall be sufficient for any defendant to state, that he has been lawfully convicted, or acquitted, as the case may be, of the offense charged in the indictment."

The first question that arises is: Could defendant in the trial of the murder indictment have been lawfully convicted (or acquitted) of assault and battery and aggravated assault and battery? The parties agree that this question has never been squarely decided in Pennsylvania. We shall therefore review the cases which may throw light upon the question and the principles which may be applicable.

This Court has decided that on an indictment charging murder a defendant can be acquitted of murder and convicted of voluntary manslaughter; *but he can-*

*not be convicted of involuntary manslaughter*: *Hilands
v. Com.*, 114 Pa. 372, 380, 6 A. 267; *Com. v. Kellyon*,
278 Pa. 59, 122 A. 166; *Com. v. Gable*, 7 S. & R. 423;
*Walters v. Com.*, 44 Pa. 135; *Com. v. Komatowski*, 347
Pa. 445, 452, 32 A. 2d 905; *Com. v. Palermo*, 368 Pa.
28, 81 A. 2d 540; *Com. v. Weinberg*, 276 Pa. 255, 120
A. 406; *Com. v. Mayberry*, 290 Pa. 195, 199, 138 A. 686;
*Com. v. Greevy*, 271 Pa. 95, 114 A. 511; *Com. v. Duerr*,
158 Pa. Superior Ct. 484, 490, 45 A. 2d 235.

In *Commonwealth v. Kellyon*, 278 Pa. 59, 122 A.
166, the Court held that on an indictment charging
murder and manslaughter, there can be an acquittal
of murder and a conviction of manslaughter, even
though the evidence established the killing as having
been committed in the perpetration of a robbery and
therefore as murder of the first degree.    The Court,
speaking through Mr. Justice (later Chief Justice)
SHAFFER, said (pp. 61, 62, 63) : "At common law, on
a trial of an indictment for murder, there might be a
conviction of manslaughter, on proving homicide. . . .
In Com. v. Gable, 7 S. & R. 422, on an indictment for
murder, a verdict of 'not guilty of murder, but guilty
of manslaughter' was held good.    It was said in Hilands
v. Com., 114 Pa. 372, 380 : 'The first indictment charged
murder.    Under it he might have been convicted of
murder of the first or second degree, or of voluntary
manslaughter, *but not involuntary* manslaughter.'*    So
in Com. v. Weinberg, 276 Pa. 255, the defendant was
indicted and tried for murder and was found guilty
of manslaughter.    He made objection that there was
'no distinction in the finding of the jury as between
voluntary or involuntary manslaughter, and that the
verdict is not on any count in the indictment.'    This
was answered through the present Chief Justice, who

---

* Italics, throughout, ours.

said: 'As to this ground of complaint, it is sufficient to say that, *since a person tried for murder cannot be guilty of involuntary manslaughter,* a conviction of manslaughter, on an indictment such as the one before us, must be considered as a finding of voluntary manslaughter.' Com. v. Micuso, 273 Pa. 474, is another case where the indictment was for murder, and the facts plainly showed that crime; a verdict of voluntary manslaughter was sustained."

In *Commonwealth v. Mayberry,* 290 Pa. 195, 199, 138 A. 686, the Court said: "Under the indictment charging murder and manslaughter, *there could not be a conviction of involuntary manslaughter*: Com. v. Weinberg, 276 Pa. 255; Com. v. Micuso, 273 Pa. 474; Hilands v. Com., 114 Pa. 372; Walters v. Com., 44 Pa. 135; Com. v. Gable, 7 S. & R. 423; and the court properly rejected the verdict so finding. . . . ."

In *Commonwealth v. Palermo,* 368 Pa. 28, 81 A. 2d 540, this Court held that it was improper to include a charge of involuntary manslaughter in an indictment for murder, and said (pp. 31-32): ". . . It is still the law since Commonwealth v. Gable, 7 S. & R. 423 (1821) that except as modified by statute, *involuntary manslaughter which is a misdemeanor cannot be charged in an indictment with murder which is a felony.* Hilands v. Commonwealth, 114 Pa. 372, 6 A. 267 (1886); Walters v. Commonwealth, 44 Pa. 135 (1862). Though it is true that the Act of June 24, 1939, P. L. 872, Sec. 703, 18 P.S. 4703, permits the district attorney to charge both voluntary and involuntary manslaughter in the same indictment, this language, which is similar to that contained in the former Act of 1794, (3 Sm. L. 188), and Act of 1860 (Act of March 31, 1860, P. L. 382, Section 79), has been construed in the cases above cited as not authorizing the inclusion of involuntary manslaughter with murder in the same indictment."

The opinion of Mr. Justice Simpson in *Commonwealth v. Greevy*, 271 Pa. 95, 99-102, 114 A. 511, analyzing the questions there involved, is with slight transposition equally applicable to the issues here involved: ". . . 'The failure of the Commonwealth to convict of the higher crime does not preclude her from establishing a lesser crime, *even though arising from the same state of facts.**  The evidence necessary to establish involuntary manslaughter is essentially different from that required to support an indictment for murder.' To which may be added that in this, as in all other cases, 'the question whether the former acquittal was for the same offense depends upon the record pleaded, and not on the arguments or inferences deduced therefrom': Com. v. Shoener, 216 Pa. 71. . . .

"This comparison also shows clearly the fallacy of defendant's argument that there was some fact established in his favor at the murder trial which was essential to his conviction of involuntary manslaughter. Every one admits that res adjudicata conclusively determines not only the ultimate fact established by a verdict and judgment, but every other fact *necessarily found* in reaching the conclusion as to that ultimate fact; but this does not mean, as defendant asserts, that every defense he interposes is established, for he cannot point to any one of those defenses, and say it was upheld by the jury. Nor does it follow that because the evidence is the same in the two cases,—even if we assume there was not the slightest difference,—that the defeating of one action concludes also the other. . . ."

The common law rule did not permit a verdict of guilty of a constituent offense amounting to a mis-

---

* Accord: *Hilands v. Commonwealth*, 114 Pa. 372, 6 A. 267; *Com. v. Duerr*, 158 Pa. Superior Ct. 484, 490, 45 A. 2d 235.

demeanor on an indictment for a felony: 1 Chitty's Criminal Law 25, 456, 639; *Commonwealth v. Gable,* 7 S. & R. 423; *Com. v. Adams,* 2 Pa. Superior Ct. 46; *Com. v. Komatowski,* 347 Pa. 445, 452, 32 A. 2d 905; with respect to involuntary manslaughter convictions in "murder" bills and "murder and voluntary manslaughter" bills, our Courts have followed the aforesaid common law rule.

With respect to assault and battery, it is an indisputable fact that an assault and battery and an aggravated assault and battery almost always occur in a case of murder or voluntary manslaughter—notable exceptions are look-outs in murder cases. At first blush, therefore, such assaults and batteries would be almost always not only lesser offenses but also necessarily constituent offenses of and includible within indictments for murder and voluntary manslaughter. However, these are technical criminal offenses which have acquired a technical legal meaning, and therefore they must be construed according to their technical meaning. It is undoubtedly true that they have never heretofore been considered a constituent offense of, or includible in an indictment for murder or voluntary manslaughter; and while this is far from controlling, it is entitled to some weight.

Mr. Chief Justice MAXEY in *Commonwealth v. Komatowski,* 347 Pa. 445, 455, 32 A. 2d 905, expressed the opinion universally held in Pennsylvania that a defendant could not be convicted of aggravated assault and battery or assault and battery on an indictment for murder. In that case the Court set aside as a nullity a verdict of "guilty of murder in the third degree", and after quoting with approval from *Walters, et al. v. Commonwealth,* 44 Pa. 135, in which a conviction of involuntary manslaughter was reversed as a nullity on a bill of indictment charging murder and voluntary

manslaughter, said (page 456): "In Com. v. Adams, supra, the Superior Court ruled that for reasons that are therein cogently set forth *'upon an indictment for murder, there can be no conviction of aggravated assault and battery, or simple assault and battery'*, and there held that a defendant who had been tried for murder and convicted of assault and battery was entitled to have the judgment on the verdict reversed and to be discharged from imprisonment."

To summarize: We hold that there can be no conviction (or acquittal) of assault and battery or of aggravated assault and battery on an indictment and trial for murder or for murder and voluntary manslaughter. This conclusion or rule is supported not only by the aforesaid common law rule which prohibits the joinder or conviction of a misdemeanor in an indictment for murder or voluntary manslaughter, as well as by prior opinions of this Court, but also in our judgment by reasons which are sound, practical and wise. If there could be a conviction of assault and battery on a murder bill the trial Judge would always have to charge the jury on first degree murder, second degree murder, voluntary manslaughter, and, certainly if requested, on aggravated assault and battery and simple assault and battery. This has never been done in the history of the Commonwealth. When we take into consideration the additional points the trial Judge must define in a murder case, such as presumption of innocence, reasonable doubt, and usually several others (depending upon the particular facts of that particular case) the jury would likely become so befogged by legal technicalities and so confused by the maze of the law as to make a clear comprehension, weighing and correlation of the facts exceedingly difficult, and the rendition of a just verdict both difficult and doubtful. Furthermore, the likelihood of a "murderer" escaping his just

punishment and being found guilty of aggravated assault and battery or simple assault and battery instead of one of the degrees of murder or manslaughter of which he was actually guilty would be greatly increased to the detriment of society. Although some other states have reached a different conclusion, and although dicta may be found in some appellate court decisions in this State which create some doubt or confusion on the points we have hereinabove discussed, we are convinced that in the best interest and protection of the public the aforesaid common law rule and the long established practice in this Commonwealth should not be departed from or abrogated in cases of felonious homicide. For each and all of these reasons the Commonwealth's demurrer to the plea of autrefois acquit on the murder indictment was properly sustained.

A second important and difficult question remains which probably has never received the careful analysis it deserves by district attorneys or by Courts: Could defendant have been convicted of aggravated assault and battery or of simple assault and battery or both on a bill charging him with involuntary manslaughter? The answer to the aggravated assault and battery and except in rare cases to the assault and battery is "no". Is the present case one of the rare exceptions? Involuntary manslaughter, aggravated assault and battery, and simple assault and battery are criminal offenses which, as we have noted, have acquired a technical meaning and therefore the legal questions here involved must be considered and decided on the basis of the legal meaning of the crimes charged and the applicable principles of law. One thing, at least, is clear at the outset—neither the common law rule which prohibits the conviction of a misdemeanor on a felony bill, nor the practical reasons applicable in the trial of a murder in-

dictment are applicable to a determination of this second question.

Involuntary manslaughter is a misdemeanor. On a bill of indictment for a misdemeanor, a verdict of guilty of a lesser offense which is undoubtedly a constituent part of the misdemeanor charged has often been permitted. Moreover, the legislature and the Courts have in certain cases relaxed the common law rule hereinabove discussed and permitted the conviction on a felony bill—except in a murder or murder and manslaughter bill—". . . of a misdemeanor which is a constituent of, . . . [and necessarily] included within, the greater offense: 23 R. C. L. 1162; State v. Crowell, 149 Mo. 391; Wharton, Criminal Pleading and Practice, (9th ed.) section 243; Comm. v. Flaherty, 25 Pa. Superior Ct. 490; Hunter v. Com., 79 Pa. 503; Comm. v. Lewis, 140 Pa. 561; Comm. v. Parker, 146 Pa. 343. In the latter case [a conviction of fornication sustained on an indictment for rape], the court said 'But the law is well settled that a man may be acquitted of an offense charged, and yet be convicted of a constituent offense involved within it.' . . .": *Com. v. Anagustov,* 82 Pa. Superior Ct. 156, 159 (a conviction of aggravated assault and battery sustained on an indictment for robbery). See to the same effect: *Com. v. Magliarditi,* 158 Pa. Superior Ct. 461, 45 A. 2d 244; *Gorman v. Com.,* 124 Pa. 536, 17 A. 26; *Rice v. Com.,* 102 Pa. 408; *Dinkey v. Com.,* 17 Pa. 126; *Com. v. Bergdoll,* 55 Pa. Superior Ct. 186; *Com. v. Parker,* 146 Pa. 343, 23 A. 323; *Com. v. Lewis,* 140 Pa. 561, 21 A. 501; *Com. v. Kellyon,* 278 Pa. 59, 122 A. 166; *Com. v. Arner,* 149 Pa. 35, 24 A. 83.

Is aggravated assault and battery or simple assault and battery a constituent of and necessarily included within the greater offense of involuntary manslaughter?

Section 703 of the Act of June 24, 1939, known as "The Penal Code", P. L. 872, provides: "Whoever is

convicted of involuntary manslaughter, happening *in consequence of an unlawful act** or the doing of a lawful act in an unlawful way, is guilty of a misdemeanor, and shall be sentenced to pay a fine not exceeding two thousand dollars ($2000), or to undergo imprisonment not exceeding (3) three years, or both."

Section 708 of "The Penal Code" covering assault and battery does not define the offense but provides for a fine not exceeding $1000. or an imprisonment not exceeding two years, or both.

Section 709 of "The Penal Code" defines the offense of aggravated assault and battery and provides: "Whoever *unlawfully and maliciously* inflicts upon another person, either with or without any weapon or instrument, any grievous bodily harm, or unlawfully cuts, stabs or wounds any other person, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding two thousand dollars ($2000) or undergo imprisonment . . . not exceeding three years, or both."

In *Com. v. Aurick,* 342 Pa. 282, 288, 19 A. 2d 920, the Court thus defined involuntary manslaughter: "In Com. v. Mayberry, 290 Pa. 195, 138 A. 686, this court . . . said: 'Involuntary manslaughter consists in "the killing of another without malice and unintentionally, but [1] *in doing some unlawful act* not amounting to a felony nor naturally tending to cause death or great bodily harm, or [2] *in negligently doing some act lawful* in itself, or [3] by the negligent omission to perform a legal duty": 29 C.J., page 1148.'" Accord: *Com. v. McLaughlin,* 293 Pa. 218, 223, 142 A. 213; *Com. v. Micuso,* 273 Pa. 474, 117 A. 211; *Com. v. Gable,* 7 S. & R. 423; Wharton on Homicide (3rd ed.) sec. 211; 13 R.C.L., 784.

* Italics throughout (we repeat), ours.

To convict of assault and battery the Commonwealth must prove that the defendant had a criminal intent—*the assault and battery must have been intentional,* not accidental or merely negligent.* To convict of aggravated assault and battery the Commonwealth must prove not only an intentional assault and battery but also malice and that the battery resulted in grievous bodily harm: *Com. v. Ireland,* 149 Pa. Superior Ct. 298, 27 A. 2d 746.

Involuntary manslaughter occurs in the vast majority of cases from an unintentional killing which results from doing a lawful act *negligently,* i.e., an act lawful in itself but done in a negligent or unlawful manner. It will be apparent at once that in such cases a specific intent to commit an assault and battery is not a necessary or constituent part of the crime charged. Therefore, an acquittal of involuntary manslaughter is not *in such cases* an acquittal of simple assault and battery. Furthermore, aggravated assault and battery which requires both intent and malice, is never a necessary or constituent ingredient of or a lesser offense contained within involuntary manslaughter, and therefore an acquittal of involuntary manslaughter is not an acquittal of aggravated assault and battery. It follows that in such cases neither a plea of autrefois acquit nor a motion in arrest of judgment would be good.

However, involuntary manslaughter may sometimes occur where an unintentional killing results from doing an unlawful act—i.e., an act unlawful in itself such as an intentional battery—not amounting to a felony or naturally tending to cause death or great bodily

---

* The intent to commit the assault and battery may be actual and specific or the intent may be implied from circumstances such as willful driving at a high rate of speed or in a manner which manifested a reckless, culpable disregard for the safety of others. As to negligence, see *Com. v. Aurick,* 342 Pa., supra.

harm: *Com. v. Russin,* 171 Pa. Superior Ct. 268, 90 A. 2d 395; *Com. v. Aurick,* 342 Pa., supra, Sec. 703 of The Penal Code.

Because the cases falling within this kind or class of unintentional killing are rare, it is sometimes stated as a rule of universal application that the gist of the offense of involuntary manslaughter is an unintentional injury and that the degree of proof necessary for a conviction in a prosecution for assault and battery is different from and greater than that necessary for a conviction of involuntary manslaughter: *Com. v. Ireland,* 149 Pa. Superior Ct., supra. While this is an accurate statement of the law when applied to most cases of involuntary manslaughter, it is not applicable or correct in the relatively few cases where death results from an intentional assault and battery which is inflicted without malice and without an intention to inflict great bodily harm or death: *Com. v. Russin,* 171 Pa. Superior Ct., supra. Cf. *Com. v. Mayberry,* 290 Pa., supra; *Com. v. McLaughlin,* 293 Pa., supra; *Com. v. Aurick,* 342 Pa., supra.

In *Com. v. Russin,* 171 Pa. Superior Ct., supra, a conviction of involuntary manslaughter was sustained upon exactly the same facts as are here present. The Commonwealth proved that the defendant was engaged in a brutal fist fight with the deceased and that the deceased died as a result of injuries inflicted in the fight. Defendant contended that death resulted from another cause (pneumonia) and that in any event the evidence did not constitute or prove involuntary manslaughter. We approve the decision of the Superior Court in that case.

Defendant, as we have seen, was acquitted of involuntary manslaughter, but it is impossible to tell from the record whether he was acquitted because the Commonwealth failed to convince the jury beyond a rea-

sonable doubt that defendant had committed an intentional and unlawful assault and battery, or because it failed to convince the jury that death resulted from defendant's unlawful assault. Under such circumstances a plea of autrefois acquit would ordinarily not have been good.

In "Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A. 2d 920, . . . we said: 'The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are "successive steps in the same transaction" but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. . . .' ": *Com. v. McCusker,* 363 Pa. 450, 457, 70 A. 2d 273.

Moreover, it is well established "that where a former acquittal is pleaded in bar to an indictment, and the plea is demurred to by the Commonwealth, 'the question whether the former acquittal was for the same offense depends on the record pleaded and not on the arguments or inferences deduced therefrom': Com. v. Shoener, 30 Pa. Superior Ct. 321, 326, affirmed by the Supreme Court in 216 Pa. 71, 76, 80, 64 A. 890; Com. v. Greevy, 271 Pa. 95, 100, 114 A. 511; Com. v. Hazlett, 16 Pa. Superior Ct. 534, 548; Com. v. Trimmer, 84 Pa. 65, 70": *Com. v. Bergen,* 134 Pa. Superior Ct. 62, 68, 4 A. 2d 164.

In the present case, however, it is important to note that the Commonwealth admits that its evidence at the trial on the bill charging involuntary manslaughter would have been sufficient, if believed, to have convicted defendant of assault and battery which was, in that particular case, a necessary ingredient of the greater offense of involuntary manslaughter.

In *Commonwealth v. Forney,* 88 Pa. Superior Ct. 451, 465, the Court said: " 'The test in the plea of autre-

fois acquit is whether the evidence necessary to support the second indictment would have been sufficient to convict [defendant] on the first [indictment, of the lesser offense charged in the second] : Commonwealth v. Hazlett, 16 Pa. Superior Ct. 534; Commonwealth v. Brown, 28 Pa. Superior Ct. 296; Commonwealth v. Allegheny V. Railway, 14 Pa. Superior Ct. 336'. . . . *A former acquittal is only a bar where the defendant could have been convicted on the first indictment of the charge preferred in the second*: Hilands v. Commonwealth, 114 Pa. 372." Accord: *Com. v. Trimmer,* 84 Pa. 65, 70; *Com. v. Moon,* 151 Pa. Superior Ct. 555, 560, 30 A. 2d 704; *Com. v. Bardolph,* 123 Pa. Superior Ct. 34, 186 A. 421.

In *Hilands v. Commonwealth,* 114 Pa., supra, the Court said (p. 380) : "It is very evident the plaintiff can never be tried again upon any charge of which he might have been convicted upon the first indictment . . . But the protection extends no further than the offence charged in the first indictment, *or of which he might have been convicted under it.* He was not in jeopardy for any other offence."

Applying these principles and tests to the instant case, the Commonwealth admits (1) that it based its indictment and trial of defendant in the involuntary manslaughter bill upon an intentional assault and battery by defendant upon Madden; and that it has based and tried the present indictments upon the same acts of violence by defendant against Madden as were relied upon in the bill charging defendant with involuntary manslaughter of Madden. It therefore clearly *appears from the record* that the assault and battery was *both factually and legally* a necessarily constituent part of the offense of involuntary manslaughter for which defendant was indicted and acquitted, and on which he could have been convicted of assault and battery: *Com. v. Russin,* 171 Pa. Superior Ct., supra.

In the trial of the indictment for involuntary manslaughter the Court did not charge the jury that it could find defendant guilty of assault and battery, nor was such charge requested by the defendant or by the Commonwealth. Moreover, it is a well known fact that an experienced trial Judge rarely, if ever, charges on or discusses the offense of assault and battery in a trial on an involuntary manslaughter bill. Obviously, therefore, the jury as a practical matter, did not, at the trial of Comber for involuntary manslaughter, pass upon or acquit Comber of the offense of assault and battery, although that might be the legal effect of its verdict of acquittal of the charge of involuntary manslaughter.

We are nevertheless impelled to hold that since defendant in the involuntary manslaughter trial could have been, as appears from the record in this case, convicted of assault and battery, a verdict of not guilty of involuntary manslaughter was likewise in law an acquittal of the necessarily constituent lesser offense of assault and battery. The plea of autrefois acquit and the motion for arrest of judgment should have been sustained.

The order of the Superior Court affirming the judgment of sentence of the Court of Quarter Sessions of Philadelphia County at No. 120 December Sessions 1949, is reversed; the sentence imposed by the Court below is set aside and vacated; and the defendant is herewith discharged.