## Commonwealth v. Bianco

*Nicholas Zanakos*, Assistant District Attorney, for Commonwealth.

*Ettore S. Agolino*, for defendant.

WILLIAMS, J., January 10, 1972.—Defendant has entered a plea of autrefois acquit to this indictment charging him with the larceny of a green walk-in truck on December 5 or 6, 1970.

The records in the criminal division of this court indicate that defendant was indicted at May term, 1971, no. 325-A, upon two counts each of burglary, larceny and receiving stolen goods. The indictment charged defendant with burglarizing a plant owned by Hulla Balloo Sportswear Company and stealing cloth and finished goods which belonged to Kabar Blouse Company and Audrey Lee Classics, subsidiaries of Hulla Balloo. The case was tried to a jury and resulted

in verdicts of acquittal on the charges of burglary and larceny, and guilty as to receiving stolen goods.

The truck, which is the subject of the present indictment, was stolen from the Hulla Balloo parking lot the same night as the burglary and was owned by Vincent Caiazzo. The Commonwealth's testimony at the former trial indicated that the truck was used to transport the stolen goods to defendant's diner in New Jersey and then to a truck stop on Interstate Route 80 in Monroe County, where it was abandoned and later recovered by the police. There was testimony that Bianco participated in planning the burglary and was associated with persons who drove the truck, but there was no direct evidence that he broke into Hulla Balloo or drove the stolen truck containing the goods.

Defendant's argument of autrefois acquit is that, since the larceny of the truck occurred at about the same time and place as that of the personal property, they were obviously stolen by the same person or persons. Accordingly, the evidence introduced at the first trial would have been sufficient to convict defendant of larceny of the truck. Defendant concludes, therefore, that the Commonwealth is now barred from trying him for the truck theft. His counsel indicates that there are no cases on point but contends that this principle is established by Commonwealth v. Comber, 374 Pa. 570, 584, where it was held that " 'The test in the plea of autrefois acquit is whether the evidence necessary to support the second indictment would have been sufficient to convict [defendant] on the first [indictment, of the lesser offense charged in the second].' " In our opinion Comber, reinforced by Price v. Georgia, 398 U. S. 323, 26 L. Ed. 2d 300, 90 S. Ct. 1757, is inapplicable. Under these decisions, a State may not subject an accused to a second trial on the same charge or a lesser included offense based upon the same acts.

The applicable rule is set forth in 1 Wharton's Criminal Law and Procedure, §135, p. 296, as follows:

"On plea of former acquittal or conviction, the accused must show that he was acquitted or convicted of the same accusation against him in a former trial; not of an entirely different offense growing out of the same state of facts or transaction. It must appear that the offense charged was identical both in law and in fact. The proper test is: Was the matter set out in a second indictment admissible as evidence under the first indictment, and could a conviction have been properly maintained upon such evidence? If the answer is yes, then the plea is sufficient; otherwise, it is not."

In the present case, defendant was convicted of receiving stolen goods, i.e., the cloth and finished goods stolen from the plant, a lesser included offense of larceny.[1] The larceny of the truck was not an element of the burglary and larceny of the goods. Pennsylvania has long held that where separate crimes are committed against different individuals, as in the present case, a defendant is not placed in double jeopardy by being tried for each: Commonwealth ex rel. Lockhart v. Myers, 193 Pa. Superior Ct. 531, and cases cited at page 538.

Defendant apparently would have the court adopt the "same transaction" test of double jeopardy set forth by Justice Brennan in his concurring opinion in Ashe v. Swenson, 397 U. S. 436, 453-54, 25 L. Ed. 2d 469, 481, 90 S. Ct. 1189. That test would require the prosecution "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction." Neither the Federal Su-

---

[1] See Act of March 31, 1860, P. L. 427, sec. 24, 19 PS §411.

preme Court[2] nor the Pennsylvania courts[3] have adopted this test and we decline to do so.

Finally, since the question of double jeopardy or autrefois acquit is basic and fundamental,[4] we have also examined defendant's plea under the rule of Ashe v. Swenson, supra. That decision holds that the Federal rule of collateral estoppel is embodied in the fifth amendment's guaranty against double jeopardy and applicable to the States.[5] In Ashe, six poker players were robbed by three or four gunmen. Defendant was tried and acquitted of robbing one of the players but was convicted upon a second trial for the robbery of another player. The Supreme Court reversed the second conviction, holding that since the ultimate issue in the first trial, the identity of defendant as one of the robbers, had been decided by the jury's verdict of acquittal, that issue could not again be litigated between the same parties. In so holding, the court said:[6]

"Where a previous judgment of acquittal was based

---

[2] See concurring opinions of Justices Black and Harlan in Ashe v. Swenson, supra.

[3] Fulmer v. Commonwealth, 97 Pa. 503 (1881), has been cited by 37 A. L. R. 3d 1407 as standing for the principle that "Stealing property from different owners at the same time and at the same place constitutes but one larceny." A reading of Fulmer and the cases following it indicates that the Commonwealth may join several larcenies in one indictment if it chooses, but these cases do not make it a mandatory requirement that the Commonwealth do so.

[4] Commonwealth v. Yahnert, 216 Pa. Superior Ct. 159; Commonwealth v. Williams, 432 Pa. 557.

[5] Prior to Benton v. Maryland, 395 U. S. 784, Pennsylvania has previously held that the doctrine of double jeopardy was applicable only to capital cases: Commonwealth v. Baker, 413 Pa. 105; Commonwealth v. Richbourg, 442 Pa. 147.

[6] 397 U. S. 436, 444, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189.

upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' "

In reaching the conclusion that collateral estoppel applied, the Supreme Court reasoned that:

"The single rationally conceivable issue in dispute before the jury was whether the defendant had been one of the robbers. And the jury by its verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery wholly impermissible."[7]

Upon review of the proceedings at defendant's first trial, it is our opinion that the doctrine of collateral estoppel does not bar the present prosecution. It is true that the only real issue in the first trial was the participation of defendant in the actual burglary and larceny of the Hulla Balloo factory and on these charges he was acquitted; however, the jury did find him guilty on the charge of receiving stolen goods. Thus, while the jury entertained a reasonable doubt that defendant was one of the persons who broke into the plant and stole the goods, they might have found that he remained outside the plant and received the goods from the thieves. Thus, the question of whether defendant stole the truck in question to transport the goods is not resolved by the jury's determination that he did not originally steal the goods.

For the foregoing reasons, we enter the following

---

[7] 397 U. S. 436, 445, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189.

## ORDER OF COURT

And now, January 10, 1972, defendant's plea of autrefois acquit is denied and dismissed.