## Commonwealth *v.* Jackson, Appellant.

Argued November 13, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

418

*John Edward Sheridan,* for appellant.

*Robyn Greene,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 19, 1973:

Appellant, Bernard Jackson, was indicted for the murder of Charles Davis and, on February 25, 1972, entered a plea of guilty. Following certification by the Commonwealth that the charge rose no higher than voluntary manslaughter, an on-the-record colloquy was conducted, as required by Pa. R. Crim. P. 319. Having concluded "after inquiry of [appellant] that the plea [was] voluntarily and understandingly made",[1] the trial court accepted appellant's plea and found him guilty of voluntary manslaughter. Appellant was sentenced to 1½ to 7 years imprisonment. This direct appeal followed.

---

[1] Pa. R. Crim. P. 319.

Appellant's principal contention[2] is that the trial court erred in accepting his guilty plea because certain evidence, presented by stipulation, indicated a possibility of accidental homicide or self-defense, rather than voluntary manslaughter. Specifically, appellant urges that his statement to the police included in the stipulation, suggests that he unintentionally fired the weapon. Review of the colloquy, however, satisfies us that the trial judge properly determined that appellant pleaded guilty with an understanding of the nature of the charge and how his acts constituted the offense with which he was charged.[3] We affirm.

The trial court conducted an extensive colloquy[4] in order to assure itself that there was a factual basis for

---

[2] Appellant also contends that the trial court should have accepted a plea of guilty to murder generally, rather than a plea of murder certified not to rise higher than voluntary manslaughter. He urges that had a plea to murder generally been accepted, the trial court could have found appellant guilty of *involuntary* manslaughter. This claim is an inaccurate statement of the law and must be rejected. It is clear that on an indictment charging murder, a defendant "might [be] convicted of murder of the first or second degree, or of voluntary manslaughter, but not of involuntary manslaughter." *Hilands v. Commonwealth*, 114 Pa. 372, 380-81, 6 Atl. 267, 268 (1886). See also *Commonwealth v. Comber*, 374 Pa. 570, 573-74, 97 A. 2d 343, 344 (1953) and cases cited therein.

[3] See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969); *McCarthy v. United States*, 394 U.S. 459, 89 S. Ct. 1166 (1969); *Majko v. United States*, 457 F. 2d 790 (7th Cir. 1972); *United States v. Cody*, 438 F. 2d 287 (8th Cir. 1971); *Woodward v. United States*, 426 F. 2d 959 (3d Cir. 1970); *Commonwealth v. Maddox*, 450 Pa. 406, 300 A. 2d 503 (1973); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968); ABA Project on Standards for Criminal Justice, Standards Relating to The Function of the Trial Judge §4.2 (Approved Draft, 1972); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §1.4 (Approved Draft, 1968).

[4] The colloquy in the instant case is even more extensive than the ones approved by this Court in *Commonwealth v. Maddox*, 450 Pa. 406, 300 A. 2d 503 (1973) and *Commonwealth v. Martin*, 445 Pa. 49, 282 A. 2d 241 (1971).

the plea. The following inquiry, by the court, appears on the record.

"Q. In this case, you would be admitting, by entering a plea of guilty to voluntary manslaughter, that on April 25, 1970, in Philadelphia, you unlawfully and deliberately and wilfully killed Charles Davis. In this case, you would be admitting, as I understand the evidence from having conferred with the District Attorney and your attorney together, you would be admitting that you shot Charles Davis, which caused his death. *Now, your plea of guilty to voluntary manslaughter would be an admission that you shot him deliberately and intentionally. Do you understand that?* A. *Yes, sir.* Q. *By pleading guilty to this charge, you would be admitting that the shooting and death were not accidental. You would also be admitting that the shooting and death were not done in the course of you defending yourself from serious bodily harm or a threat of death against yourself by Charles Davis. Do you understand?* A. *Yes, sir.* Q. *By pleading guilty you are giving up both those defenses, the defense of saying the killing was accidental and the defense of saying you were acting to protect yourself from serious bodily harm or death. Do you understand that?* A. *Yes.* Q. By pleading guilty to the crime of voluntary manslaughter you are admitting that you *deliberately* and *wilfully* shot Charles Davis, knowing that the shooting could cause serious bodily harm or death. The element that reduces the crime from murder to voluntary manslaughter is the fact that the circumstances may have provoked you in some way, causing you to be angry or outraged by something that in some way existed. Nevertheless, even with that indication, *the plea of guilty admits you deliberately shot him, knowing it could cause him serious bodily harm or death. Do you understand?* A. *Yes, sir.*"

Following this inquiry, the evidence stipulated by defense counsel in appellant's presence, was presented. This evidence included a statement appellant made to the police in which he implied that the shooting was accidental or in self-defense. Because of the possible inconsistency between appellant's statement to the police and his guilty plea, the trial court, before acting on the tendered plea, questioned appellant again concerning his understanding of the effect of pleading guilty. The court explained: "BY THE COURT: (Addressing the defendant) Q. *Mr. Jackson, your statement could be taken to mean, the statement that was just read by the District Attorney, that either you shot in self-defense or that the gun went off unintentionally. However, I told you before I took your plea that your plea of guilty was an admission you were not acting in self-defense, but that you shot deliberately. It was not accidental or an unintentional discharge of the gun. Do you understand that?* A. *Yes, sir*. . . . Q. Mr. Jackson, your plea of guilty is an admission that you intentionally fired the gun, that it didn't go off accidentally or without you meaning for it to go off. It means you meant to fire the gun. It also means in doing that you also intended to shoot the decedent Mr. Davis. It does not necessarily mean you intended to kill him, but *it does mean you intended to shoot him, knowing that would cause him at least to be seriously injured if not killed. That's what your plea of guilty means.* . . . Your statement could be taken as an accidental shooting or possibly to protect yourself or defend yourself. That's why I asked you, instead of pleading guilty, if you were not acting in a reasonable belief that you were defending your own life, and also that the gun did not go off accidentally, but rather you meant to shoot him, you meant to shoot the decedent, and that's what your plea of guilty means. That's what I took it to

mean. That's the basis on which I will proceed with the case in respect to sentence. . . . *But, nevertheless, your plea of guilty means you did shoot Mr. Davis intentionally and you are aware as any reasonable person would be, what the effect of shooting someone with a bullet is, seriously injuring someone. That's what your plea of guilty means. If you persist in your plea of guilty, that's the basis. If it is your position that this was accidental, then that is not consistent with your plea of guilty and you should not plead guilty. You won't be allowed later on, if you maintain your plea of guilty, after I sentence you, to say you didn't mean that, that it was accidental. Do you understand what I have told you? A. Yes, sir."*

The record unequivocally reveals that the trial court thoroughly advised appellant that his plea of guilty is an admission that appellant intentionally fired the gun. Moreover, the court carefully explained that a plea of guilty negates any claim of self-defense or accidental shooting. Appellant acknowledged his understanding of the effect of the plea and persisted in his decision to plead guilty.

We must conclude, therefore, that appellant understood the nature of the offense charged and that his admitted acts constituted the offense with which he was charged. This is not a case in which an accused pleaded " 'guilty' from one side of his mouth and 'not guilty' from the other side." *Commonwealth v. Round-tree,* 440 Pa. 199, 202, 269 A. 2d 709, 711 (1970). Rather, as the trial court here accurately noted, this is a case "where the defendant by his plea voluntarily and intelligently negates a prior self-serving statement to the police" and admits that the shooting was intentional. Appellant's guilty plea was voluntarily and understandingly entered and properly received by the trial court.

Judgment of sentence affirmed.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I agree that the colloquy conducted by the trial court in this case was exemplary and that the record demonstrates that the guilty plea was properly accepted because the plea was voluntarily and understandingly made. I take exception, however, to the court's assumption (see footnote 3) that, as a matter of law in this Commonwealth, there is a requirement that the trial court make a determination that there is a factual basis for a guilty plea. While I believe that this is not the law, it is my view that this court should impose such a requirement by an appropriate amendment to Rule 319(a) of our Rules of Criminal Procedure.